# **EXHIBIT B**

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| US. ex rel. Michael J. Fisher, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 4:12-cv-543 |
| Ocwen Loan Servicing, LLC ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: StoneTurn Group, LLP, c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A. Additionally a copy of the Court's Protective Order filing in the above matter is attached at Exhibit B.

| Place: Fish & Richardson<br>111 Congress Avenue, Suite 810<br>Austin, TX 78701 | Date and Time:<br>03/23/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/10/2015

CLERK OF COURT

_____        OR        *Catherine C. Jobe*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Relators Michael J. Fisher and Brian Bullock_____, who issues or requests this subpoena, are:

Boyd & Associates, Catherine Jobe North Central Expwy Ste. 600, Dallas, TX 75206, (214)696-2300, sboyd@boydfirm.com; Fish & Richardson, 1717 Main St. Ste. 5000, Dallas TX, (214) 747-5070, CBwalker@fr.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:12-cv-543

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## EXHIBIT A

### I. DEFINITIONS

The terms You," "Your," "Yours," and "StoneTurn" shall mean, unless otherwise specified in a particular Discovery Request, StoneTurn Group, LLP, any parent, subsidiary, division, branch, partnership or affiliate of StoneTurn Group, LLP, and each person or agent whether an individual or another entity acting or authorized to act on behalf of StoneTurn Group, LLP.

The term "OLS" shall mean, unless otherwise specified in a Discovery Request , Defendant Ocwen Loan Servicing, LLC, any parent, subsidiary, division, branch, partnership or affiliate of Ocwen Loan Servicing, LLC, and each person or agent whether an individual or another entity acting or authorized to act on behalf of Ocwen Loan Servicing, LLC.

The "2012 Order" refers to the Consent Order, dated December 5, 2012, which arose out of the "2011 Agreement" which refers to the agreement on Mortgage Servicing Practices entered between Ocwen and the New York State Department of Financial Services, which was dated on or about September 1, 2011.

The term "Department" refers to the New York State Department of Financial Services.

### II. DUCES TECUM

1. Produce, fully and completely, all OLS borrower electronic or printed loan files produced or provided to you by Ocwen for audits in connection with the 2012 Consent Order at the instance of the New York State Department of Financial Services (the "Department") and arising out of the 2011 Agreement.

2. Produce all audits, reports, evaluations, business plans (or the like), summaries or communications generated or received by you regarding the violations, complaints, problems or compliance issues reported or discovered by you during and after the audits of OLS borrowers' files pursuant to the 2012 Order.

3. Produce the complete transactional loan file for each of the OLS loan files provided to you by OLS for the audit pursuant to the 2012 Order.

4. Produce all documents and communications that refer or relate to Michael J. Fisher, individually or as Relator.

5. Produce all documents and communications that refer or relate to Brian Bullock, individually or as Relator.

6. Produce all documents and communications that refer or relate to the instant litigation.

     7. Produce all communications and other documents, whether electronic or printed, which evidence or relate OLS's compliance with federal or state laws; including, but not limited to, the Consent Order executed by the parties in December 2014.

     8. Produce all documents or communications, whether electronic or printed, which evidence or relate to William C. Erbey and/or Ron Faris (or their representatives), including without limitation any documents or communications regarding any issue of OLS's compliance with federal or state laws or the Consent Order executed by the parties in December 2014.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| *Ex rel*, Michael J. Fisher, and Michael Fisher Individually, | * | CASE NO. 4:12-CV-543 |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| OCWEN LOAN SERVICING, LLC | * | |
| | * | |
| Defendant | * | |

*********************************************

## PROTECTIVE ORDER

The parties' Joint Motion for Entry of Protective Order (Dkt. 95) is GRANTED. The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert, in good faith, that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing

1

EXHIBIT B

Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.  To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.  Documents, including electronically stored information or discovery responses containing Confidential Information disclosed or produced by any party, or non-party, in this litigation are referred to as "Protected Information." Except as otherwise indicated below, all documents or discovery responses reasonably designated, in good faith, by the producing party or non-party ("Designating Party") as "Confidential" and which are disclosed or produced to counsel for another party ("Receiving Party") to this litigation are Protected Information and are entitled to confidential treatment as described below.

2.  Protected Information shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without a request for confidentiality protection.

3.  At any time after the delivery of Protected Information, counsel for the Receiving Party may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the Designating Party. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the Receiving Party shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Information. Thereafter, the Designating Party shall have ten (10) days from the date of certification to file a motion for

2

protective order with regard to any designated Protected Information in dispute. The party or parties producing the designated Protected Information shall have the burden of establishing that the disputed designated Protected Information is entitled to confidential treatment. If the Designating Party does not timely file a motion for protective order, then the designated Protected Information in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of the designated Protected Information is entitled to confidential treatment.

4. Protected Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided below.

5. Protected Information may be disclosed only to the following persons ("Qualified Persons"):

(a) Counsel of record in this action for the Receiving Party (including attorneys for the United States who are monitoring the litigation);

(b) Employees, consultants and contractors of such counsel (including experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

(c) The Court, any appellate court, and the staff of such courts;

(d) Witnesses at depositions, hearings or trials to whom the document is shown for the purpose of examining them, and their counsel of record;

(e) Court Reporters and deposition services contractors who record testimony taken in this litigation; and

3

(f) Mediators and their staff utilized in this litigation

Protected Information shall be used solely for the purposes of this litigation. Qualified Persons in categories (a), (b), and (f) above shall sign the Certificate in the form attached hereto as "Exhibit A" before they may receive Protected Information.

6. Counsel of record for the party or parties receiving Protected Information may create an index of the Protected Information and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Information. The index may only identify the document, date, author, and general subject matter of any Protected Information, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Information shall maintain a current log of the names and addresses of persons to whom the index was furnished.

7. A Designating Party may, in good faith, designate Protected Information by affixing a stamped legend "Confidential Litigation Material" if it is produced in hard copy or by similar means if the Protected Information is produced in electronic form, or by counsel's statement on the record if the information is elicited in oral form. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. To the extent that Protected Information is used in discovery, depositions, at hearings or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring

4

to the Protected Information. This agreement applies to Protected Information as defined by this Order, and does not change laws or rules applicable to privileged materials.

9. Testimony given during depositions may be designated, in good faith, as Protected Information by the Designating Party providing written notice to the Court Reporter and all counsel of record. The Court Reporter shall include on the cover page of the transcript the following: "Confidential Litigation Material – Portion(s) of This Transcript Contain Information Which Has Been Designated Protected Information Pursuant to the Agreed Protective Order." Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Information designated as confidential under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record who requested the deposition or transcription. Such court reporter or transcriber shall sign the Certificate in the form attached hereto as "Exhibit A" to represent his agreement to the foregoing conditions.

10. Inadvertent or unintentional production of documents or information containing Protected Information, which are not designated confidential, shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. The party or parties receiving Protected Information shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Information.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of

public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.

13. Upon termination of this action, by dismissal, judgment, or settlement, and the exhaustion of all appeals, counsel for the Receiving Party shall destroy or return the Protected Information to the counsel for the Designating Party within ninety (90) days of termination of this litigation. The Receiving Party shall keep their attorney work product which refers or relates to any Protected Information. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Information.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

15. The Court anticipates that the parties may file a motion to modify the terms hereof with respect to sharing of Protected Information that may require (a) special protections to avoid harm to the Disclosing Party or to others with confidentiality claims whose information may appear in documents in the possession or under the control of the Disclosing Party, (2) a shifting of the cost burden of production equitably, or (3) other terms to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

**SO ORDERED.**
**SIGNED this 11th day of February, 2015.**

6

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

# CERTIFICATE OF ACKNOWLEDGMENT OF AGREEMENT
## CONCERNING CONFIDENTIAL MATERIAL

I declare that:

I have been given a copy of and have read the Protective Order (hereinafter, the "Agreement") relating to that action entitled, *United States of America ex rel. Michael J. Fisher v. Ocwen Loan Servicing, LLC*, Civil Action No. 4:12-cv-543, in the United States District Court for the Eastern District of Texas. I agree to abide by the Agreement and not to reveal or otherwise communicate to anyone any material designated as "Confidential" that is disclosed to me except in accordance with the terms of such Agreement or as may be authorized by the Court. I acknowledge that any violation of the Agreement may be punishable for contempt of court and agree to submit to the jurisdiction of the United States District Court for the Eastern District of Texas for all matters relating to such Agreement.

Dated: _____

_____
Signature of Declarant

_____
Printed Name

_____
Street Address

_____

_____
City/State

_____
Telephone Number

EXHIBIT A