UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *<br>*Ex rel*, Michael J. Fisher, and Michael Fisher *<br>Individually, *<br> *<br>Plaintiff *<br> *<br>v. *<br> *<br>OCWEN LOAN SERVICING, LLC *<br> *<br>Defendant *<br> * | CASE NO. 4:12-CV-543<br><br>JUDGE AMOS MAZZANT |

******************************************

**RESPONSE TO NEW YORK STATE DEPARTMENT OF
FINANCIAL SERVICES' OPPOSED MOTION FOR PROTECTIVE ORDER**

Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), respectfully submits this Response to the New York State Department of Financial Services' Opposed Motion for Protective Order (Dkt. 154). The Department's motion pertains to two subpoenas issued by Relators to Boston Portfolio Advisors and StoneTurn Group, LLC (collectively, the "Compliance Monitor").[1]

In its motion, the Department aptly demonstrates why the documents sought in the subpoenas are protected from disclosure by the banking privilege under New York Banking Law § 36.10. (*See* Dept. Mot. at pp. 3-11.) The Department also argues that the requested documents are protected from disclosure by the federal common law banking privilege. (*Id.* at pp. 12-13.) Ocwen fully agrees with the Department on both points and has made similar arguments in connection with its pending motion for protective order. (*See* Dkt. 116 at pp. 5-11; *see also* Dkt.

---

[1] The Court has scheduled a hearing on June 4, 2015 at 1:30 p.m. regarding Ocwen's Motion for Protective Order to Quash Subpoenas (Dkt. 116), as well as motions to quash filed by StoneTurn Group and Boston Portfolio Advisors. (Case No. 15-mc-00014, Dkt. 1; Case No. 15-mc-00015, Dkt. 8).

1

136 at pp. 2-4.) More particularly, consistent with the Department's motion, Ocwen asserts the banking privileges with respect to the reports and analyses of the Compliance Monitor, the Department, and Ocwen, as well as the correspondence and communications between Ocwen and the Compliance Monitor and the Department. Ocwen does not assert the privileges with respect to purely factual matters, such as loan files or policy and procedure documents that would have existed but for the Department's examinations. Again, this is consistent with the Department's privilege assertions.[2]

In addition to the banking privileges, Ocwen has also asserted the federal settlement privilege in its motion for protective order. (*See* Dkt. 116 at pp. 12-15; *see also* Dkt. 136 at pp. 4-5.) The documents sought by Relators are covered by this settlement privilege because the Compliance Monitor was put in place as part of a settlement with the Department to avoid litigation. Ocwen's analyses and correspondence with the Compliance Monitor necessarily relate to possible litigation by the Department and an effort to avoid that litigation. Those documents are thus covered by the settlement privilege. *See McCoo v. Denny's Inc.*, No. 98-2458, 2000 WL 156824, at *3 (D. Kan. Feb. 11, 2000); *see also Perez v. Perry*, No. 11-360, 2014 WL 2533801, at *6 (W.D. Tex. June 5, 2014) ("Such communications are privileged if they were part of or in furtherance of settlement negotiations. Therefore, internal memoranda, communications, and analyses performed in furtherance of the compromise plan are privileged, regardless of whether they were communicated to Plaintiffs.").

Finally, while not germane to the current discovery dispute, the Department's brief does suggest that if Relators succeed in proving a violation of New York state law, then Relators will

---

[2] Ocwen also agrees with the Department that, as the originator of the non-privileged business records, Relators should pursue that discovery from Ocwen, rather than insist on duplicate document productions from the Compliance Monitor.

have made the predicate showing for their FCA claim. (*See* Dept. Mot. at p. 6.) This is not accurate. While Relators do need to prove an underlying violation of state or federal law as part of their FCA theory, they must still prove all of the elements of an FCA claim. More particularly, among other things, Relators must prove that the underlying violation was material to a payment decision by the United States, that Ocwen had the requisite scienter, and that the United States was unaware of the legal violations before making incentive payments to Ocwen. Relators cannot prove any of these things.[3]

WHEREFORE, Ocwen respectfully requests that the Court grant the Department's Motion for Protective Order and Ocwen's Motion for Protective Order to Quash Subpoenas.

R. Dwayne Danner
State Bar No. 00792443
ddanner@mcglinchey.com
**McGlinchey Stafford, PLLC**
2711 North Haskell Ave
Suite 2750, LB38
Dallas, Texas 75204
Telephone: (214) 445-2445
Facsimile: (214) 445-2450

/s/ Gerard E. Wimberly, Jr.
Gerard E. Wimberly, Jr. (La. #13584)
Daniel T. Plunkett (La. #21822)
Gabriel A. Crowson (La. #28009)
Angelina Christina (La. #28530)
Melissa H. Harris (La. #33573)
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

H. Hunter Twiford, III (MS Bar #8162)
John Rouse (MS Bar #101586)
**McGlinchey Stafford, PLLC**
200 S. Lamar Street, Suite 1100
City Centre South
Jackson, Mississippi 39201
Telephone: (769) 524-2323
Facsimile: (601) 608-7968

*Counsel for Defendant, Ocwen Loan Servicing, LLC*

---

[3] Ocwen does agree with the Department's statement that it is unclear why Relators – who profess to be original sources – need the Department's and the Compliance Monitor's examination materials. (*See* Dept. Mot. at 12.)

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Response to New York State Department of Financial Services' Opposed Motion for Protective Order was served upon all counsel of record, via the Court's CM/ECF system, this 2nd day of June, 2015.

             /s/ Gerard E. Wimberly, Jr.
             Gerard E. Wimberly, Jr.