# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA <br> *Ex rel*, Michael J. Fisher, and Michael J. Fisher Individually, and Brian Bullock, and Brian Bullock, Individually <br><br> V. <br><br> OCWEN LOAN SERVICING, LLC | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CASE NO. 4:12-CV-543 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Ocwen Loan Servicing, LLC's Rule 12(b)(1) Motion to Dismiss, Rule 56 Motion for Summary Judgment (Dkt. #64). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

On August 20, 2012, Relator Michael J. Fisher ("Fisher" or "Relator") filed his original complaint under seal (Dkt. #1). In his original complaint, Fisher claimed that Ocwen Loan Servicing LLC's ("Ocwen") Home Affordable Modification Program ("HAMP") modifications violated the federal Truth in Lending Act ("TILA") because Ocwen did not provide a TILA notice of rescission in connection with its loan modifications. (*See* Dkt. #1; Dkt. #64 at p. 1).

On April 7, 2014, the United States Magistrate Judge Don Bush ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #19). On August 1, 2014, Relator filed his amended complaint (Dkt. #23). On August 6, 2014, Relator filed his second amended complaint (Dkt. #29).

On October 28, 2014, Relators filed their motion for leave to file the third amended complaint and to file it under seal (Dkt. #44) and *Qui Tam* Plaintiffs' Motion to Seal the third

amended complaint (Dkt. #45). On October 29, 2014, Defendant filed its Motion to Strike or Un-Seal Relator's Sealed Motions (Dkt. #48) and on October 31, 2014, it filed its supplemental motion (Dkt. #51). Also on October 31, 2014, Relators filed their response to Defendant's motion to strike or un-seal (Dkt. #52). On November 3, 2014, Defendant filed its reply (Dkt. #54). On November 4, 2014, Judge Bush denied Relators' motion to seal the third amended complaint and ordered that Relators "file [the] amended complaint no later than November 13, 2014," in such form that would put the Defendant on notice (Dkt. #55).

On November 13, 2014, Relators filed their third amended complaint (Dkt. #59). The third amended complaint incorporated allegations including: (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #59). It also added a new relator, Brian Bullock ("Bullock" or "Relator") (Dkt. #59).

On December 5, 2014, Defendant filed its Rule 12(b)(1) Motion to Dismiss, Rule 56 Motion for Summary Judgment (Dkt. #64). On December 22, 2014, Relators filed their response (Dkt. #71). On January 2, 2015, Defendant filed its reply (Dkt. #75). On January 20, 2015, Relators filed their sur-reply (Dkt. #84).

On January 9, 2015, Defendant filed its Motion to Transfer Action requesting that the action be transferred and assigned to the undersigned, who is the presiding judge for the earlier-filed suit, *United States ex rel. Michael J. Fisher v. Homeward Residential, Inc.*, No. 4:12-cv-461 ("the Homeward Action") (Dkt. #81). On March 11, 2015, Defendant's motion was granted and the case was transferred to the undersigned (Dkt. #102).

**LEGAL STANDARD**

Defendant moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and alternatively moves for a Rule 56 Motion for Summary Judgment. The Court has subject matter jurisdiction over those cases arising under federal law. U.S. CONST. art. III, § 2, cl. 1; 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur. Inc v. McVeigh*, 547 U.S. 677, 689-90 (2006).

A 12(b)(1) motion to dismiss should be granted only if it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts to support its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 556-57 (2007)) (stating that the court reviews a 12(b)(1) motion just as it would a 12(b)(6) motion). However, the court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane*, 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473

(5th Cir. 2008) (quoting *Home Builders Ass'n. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

However, the Fifth Circuit has held that a challenge to jurisdiction under the public disclosure bar of the False Claims Act ("FCA") is "necessarily intertwined with the merits' and is, therefore, properly treated as motion for summary judgment." *United States ex rel. Colquitt v. Abbott Labs.*, 864 F. Supp. 2d 499, 516 (N.D. Tex. 2012) (quoting *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011)) (quoting *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 173-74 (5th Cir. 2004)). Therefore, the court must view the evidence and the inferences drawn from that evidence in the light most favorable to the non-moving party, and find the absence of jurisdiction only if there is no genuine issue of material fact. *Jamison*, 649 F.3d at 326; *Reagan*, 384 F.3d at 173-74; *see* FED. R. CIV. P. 56(a). When evaluating a motion for summary judgment, a court may not weigh the evidence or evaluate the credibility of witnesses. *Reagan*, 384 F.3d at 173.

## ANALYSIS

*FCA's Filing and Service Requirements*

Defendant moves for dismissal under Rule 12(b)(1), alleging that Relators failed to file the Third Amended Complaint ("TAC") in accordance with the rules of the FCA (Dkt. #64 at p. 9). Relators allege that the TAC was filed in accordance with FCA requirements and Judge Bush's November 4, 2014 order (Dkt. #71 at p. 30; *see* Dkt. #55). Relators further allege that Defendant should be judicially estopped from claiming that Relators failed to follow FCA filing and service requirements based upon its argument directly opposing Relators' filing of the TAC under seal (Dkt. #71 at p. 30).

The FCA's *qui tam* provision allows private individuals to sue on behalf of the government to recover for false claims for payment submitted to the government. *United States ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 812 (E.D. Tex. 2008) (citing *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)). 31 U.S.C. § 3730(b)(2) states:

> [a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.

Therefore, "(1) the action must be brought in the name of the Government; (2) the complaint must be filed *in camera* and under seal; (3) the plaintiff must serve a copy of the complaint and a written disclosure of all material evidence on the Government; and (4) the complaint shall not be served on the defendant until the court so orders." *White v. Apollo Grp.*, 241 F. Supp. 2d 710, 714 (W.D. Tex. 2003). However, courts have held that the FCA's sealing procedures do not apply to amended complaints. *See United States ex rel. Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 803 (E.D. La. 2009); *see also United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 972 F. Supp. 2d 1317, 1325-26 (N.D. Ga. 2013); *United States ex rel. Griffith v. Conn.*, No. 11-157, 2013 WL 3935074, at *2-3 (W.D. Ky. July 30, 2013).

"Judicial estoppel is an equitable doctrine that defies "inflexible prerequisites or an exhaustive formula." *Gabarick v. Laurin Maritime (America) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)). "The doctrine 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'" *Id.* (quoting *Ergo Science, Inc. v. Martin*, 73

F.3d 595, 598 (5th Cir. 1996)). Additionally, it "[prevents] litigants from playing fast and loose with the courts" and "protects 'the integrity of the judicial process.'" *Id.* (quoting *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 20003); *United States ex rel. American Bank v. C.I.T. Constr. Inc. of Tex.*, 944 F.2d 253, 258 (5th Cir. 1991)). There are two requirements that must be met before a party's argument be can judicially estopped: "[f]irst, the estopped party's position must be 'clearly inconsistent with its previous one,' and second, 'that the party must have convinced the court to accept that previous position.'" *Id.* (quoting *Hall*, 327 F.3d at 396).

On October 28, 2014, Relators filed their motion for leave to file the third amended complaint and to file it under seal (Dkt. #44) and *Qui Tam* Plaintiffs' Motion to Seal the third amended complaint (Dkt. #45). On October 29, 2014, Defendant filed its Motion to Strike or Un-Seal Relator's Sealed Motions (Dkt. #48) and on October 31, 2014, it filed its supplemental motion (Dkt. #51). Also on October 31, 2014, Relators filed their response to Defendant's motion to strike or un-seal (Dkt. #52). On November 3, 2014, Defendant filed its reply (Dkt. #54). On November 4, 2014, Judge Bush denied Relators' motion to seal the third amended complaint and ordered that Relators "file [the] amended complaint no later than November 13, 2014," in such form that would put the Defendant on notice (Dkt. #55).

In its motion to strike or unseal Relators' third amended complaint, Defendant asserted:

> [T]he purpose of the sealing requirement is not served by sealing Fisher's motions. The identity of the defendant is already known, and the government has already had the opportunity to investigate Fisher's original allegations for nearly two years. Re-sealing this case will simply prolong a matter in which Ocwen had already been served and prepared comprehensive responsive pleadings, some of which challenge subject matter jurisdiction under the FCA's public disclosure bar.

(Dkt. #48 at p. 6). Defendant also stated that "the majority of courts addressing this issue have held that the FCA's sealing procedures do not apply to amended complaints." (Dkt. #48 at pp. 5-

6

6). Defendant now seems to take the opposite position, that the amended complaint should have been filed based upon the requirements of 31 U.S.C. § 3730(b)(2) (*See* Dkt. #64). For example, Defendant now asserts that "[t]he FCA's filing and service requirements are not discretionary procedural formalities, but are mandatory requirements to filing a *qui tam* action. Accordingly, courts routinely dismiss *qui tam* cases when the relator does not follow the FCA's filing and service requirements." (Dkt. #64 at p. 11 (citations omitted)).

Defendant cannot have it both ways. Defendant cannot now assert that Relators' TAC should be dismissed because they did not follow the FCA filing and service requirements. Relators sought to follow the filing requirements when they requested that the TAC be filed under seal, but Defendant asserted, at that time, that the FCA filing and service requirements were not mandatory when filing an amended complaint (Dkt. #48 at pp. 5-6). After being briefed by the parties, Judge Bush denied Relators' motion and gave Relators until November 13, 2014, to file an unsealed amended complaint (Dkt. #55).[1] Therefore, the Court finds that Defendant is judicially estopped from asserting that Relators' TAC should be dismissed for failing to comply with the FCA's filing and service requirements. Defendant's motion to dismiss based upon Relators' failure to comply with the FCA's filing and service requirements is denied.

*First-to-File Rule*

Defendant also asserts that Relator Bullock should be dismissed from the present action based upon the first-to-file rule (Dkt. #64 at p. 13). Defendant further alleges that the entire suit should be dismissed under the first-to-file rule because of the previously filed Homeward Action

---

[1] Although Defendant asserts that it "has not taken any inconsistent positions," it admits that that Defendant was "opposed [to] Relators' attempt to *re-seal* this case in light of the strong presumption in favor of public access to court records." (Dkt. #75 at p. 10, n. 9). Additionally, Defendant states that, "[t]he Court essentially agreed with Ocwen's positions, as it refused to allow Relators to file the TAC under seal after the original seal had been lifted." (Dkt. #75 at p. 10, n. 9). The Court, therefore, finds that Defendant has taken an inconsistent position in this motion as to Relators' need and ability to comply with the FCA's filing and service requirements.

(Dkt. #64 at p. 24). Relators assert that their claims are not barred by the first-to-file rule as the second-filed case is not brought against the same defendant as the first-filed action (Dkt. #71 at p. 26).

The FCA's first-to-file rule states that "no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). By enacting the first-to-file rule, Congress sought a "golden mean between adequate incentives for whistle-blowing insiders with genuinely valuable information and discouragement of opportunistic plaintiffs who have no significant information to contribute of their own." *Graham Cnty. Soil & Water Conservation Distr. v. United States ex rel. Wilson*, 559 U.S. 280, 294 (2010). "Section 3730(b)(5) bars a plaintiff from bringing 'a related action based on facts underlying [a] pending action.'" *Branch Consultants*, 560 F.3d at 377 (5th Cir. 2009). To determine if a later-filed complaint is barred by § 3730(b)(5), the Fifth Circuit uses an "essential facts" or "material elements" standard. *Id.* at 378. Therefore, if the later-filed complaint alleges the same material or essential elements of fraud described in a pending *qui tam* action, the § 3730(b)(5) jurisdictional bar applies. *Id.*

Defendant alleges that Relator Bullock's claims are barred based upon the first-to-file rule. Defendant asserts that "Bullock was not added to this case as a relator until November 14, 2014 when the TAC was filed. Obviously, by that time, there was already a pending action against Ocwen asserting nearly all of the very same claims and allegations as those asserted in the TAC." (Dkt. #64 at p. 14). Relators assert that Bullock's claims were not previously asserted, and therefore, not barred by the first-to-file rule (*See* Dkt. #71 at pp. 35-38).

The Court agrees with Relators that the first-to-file rule does not bar Bullock's claims within the TAC. Defendant argues that courts have found that the first-to-file rule does apply to

8

relators being voluntarily added to an existing case (*See* Dkt. #64 at pp. 14-15). However, the Court finds that the cases cited by Defendant are not applicable to the present case. In *United States ex rel. Nowak v. Medtronic, Inc.*, the court found that the first-to-file rule barred a newly added relator because the relator was simply joining the previously asserted allegations and not asserting new allegations or claims. 806 F. Supp. 2d 310, 327 (D. Mass. 2011). Likewise, in *United States ex rel. Manion v. St. Luke's Reg'l Med. Ctr. Ltd.*, the court found that the first-to-file rule barred adding a new relator when the relator was simply joining into previously asserted allegations, and not asserting any new allegations or claims. No. CV 06-489-S-EJL, 2008 WL 906022, at *6-7 (D. Idaho Mar. 31, 2008). In the present case, Bullock has not merely joined the previously asserted allegations, but has made new allegations within the third amended complaint (Dkt. #71 at p. 38; s*ee* Dkt. #59). Therefore, the Court finds that the cases cited by Defendant are not applicable to the present case.

Defendant also alleges that the entire case should be dismissed under the first-to-file bar based upon the earlier filed Homeward Action (Dkt. #64 at p. 24). Defendant asserts that the present case should be dismissed because "the Ocwen Action alleges that same 'material elements' as the first-filed Homeward Action." (Dkt. #64 at p. 24). Relators assert that the two suits do not allege that same material elements, as the claims are not brought against the same defendant (Dkt. #71 at p. 26).

The Court agrees with Relators that the suit is not barred by the first-to-file rule. The Fifth Circuit has held that "the applicability of § 3730(b)(5) should be determined under an 'essential facts' or 'material elements' standard." *Branch Consultants*, 560 F.3d at 378. Therefore, "as long as the later-filed complaint alleges the same material or essential elements of fraud described in a pending *qui tam* action, § 3730(b)(5)'s jurisdictional bar applies." *Id.*

9

Relators allege that the identity of the defendant is a material element that forecloses the application of the first-to-file rule (*See* Dkt. #71 at p. 26). Defendant points to *Branch Consultants* to demonstrate that the identity of the defendant does not "foreclose application of the first-to-file rule." (Dkt. #64 at p. 26).

In *Branch Consultants*, the Fifth Circuit addressed whether the first-to-file rule barred a relator's suit against defendants that had not been named in a previously filed related action. 560 F.3d at 379-80. However, the court ultimately concluded that the rule did not apply. *Id.* at 380.[2] Like *Branch Consultants*, the Court finds that the first-to-file rule does not apply in this case, and therefore, the Court will not dismiss Relators' claims based upon the Homeward Action.

*Public Disclosure Bar*

"The [FCA] is designed to allow suits 'by private parties on behalf of the United States against anyone submitting a false claim to the government.'" *United States ex rel. Fried v. W. Indep. Sch. Dist.*, 527 F.3d 439, 441 (5th Cir. 2008) (quoting *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 941 (1997)). The FCA "promot[es] private citizen involvement in exposing fraud against the government," while "prevent[ing] parasitic suits by opportunistic late-comers who add nothing to the exposure of fraud." *Id.* (quoting *Reagan*, 384 F.3d at 174).

The FCA limits the subject matter jurisdiction of federal courts over *qui tam* actions and states:

> The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed

---

[2] Defendant is correct that the Fifth Circuit noted that "there might be situations in which the allegations in a first-filed complaint pertain to such a narrow or readily-identifiable group of potential wrongdoers that § 3730(b)(5) acts to bar subsequent allegations against previously unnamed defendants." *Branch Consultants*, 560 F.3d at 380. The Court finds that the allegations within the Homeward Action do not meet this requirement, and thus finds that § 3730 (b)(5) does not apply in this instance.

      (i)     in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
      (ii)    in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
      (iii)   from the news media
unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A).[3] The Fifth Circuit has adopted a three-part test for analyzing whether a court has subject matter jurisdiction under the public disclosure bar: "(1) whether there has been a 'public disclosure' of allegations or transactions, (2) whether the qui tam action is 'based upon' such publicly disclosed allegations, and (3) if so, whether the relator is the 'original source' of the information." *Colquitt*, 864 F. Supp. 2d at 517 (quoting *Reagan*, 384 F.3d at 173-74).

However, the court is not required to rigidly follow the three steps. *Jamison*, 649 F.3d at 327; *see Fried*, 527 F.3d at 442 (court can combine first two steps). "[C]ombining the first two steps can be useful, because it allows the scope of the relator's action in step two to define the 'allegations and transactions' that must be publicly disclosed in step one." *Id.*

When determining if an action is barred by the public disclosure provision, the defendant bears the burden to point to documents or transactions on which the relator's complaint is based. *See id.* "[O]nce the opposing party has identified public documents that could plausibly contain allegations or transactions upon which the relator's action is based, the relator bears the burden of demonstrating that they do not." *Id.*

---

[3] Because some of the claims alleged in Relators' Third Amended Complaint took place before the 2010 amendment took effect, the prior public disclosure provision also applies. Prior to the 2010 amendment, the public disclosure provision stated:
    (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
31 U.S.C. § 3730(e)(4)(A) (2006).

Defendant alleges that Relator Bullock should be dismissed from the suit under the FCA's public disclosure bar (Dkt. #64 at p. 16). Defendant further alleges that Relator Fisher's original complaint should be dismissed under the public disclosure bar (Dkt. #75 at pp. 2-3). Relators assert that neither Relator Bullock nor the original complaint are barred by the public disclosure bar because the allegations are not substantially similar to those made within the various disclosures cited by Defendant (*See* Dkt. 84 at pp. 3-6).

To analyze whether the court has subject matter jurisdiction under the public disclosure bar, the court must determine whether there has been a public disclosure of allegations or transactions, and whether the *qui tam* action is based on those publicly disclosed allegations. *Colquitt*, 864 F. Supp. 2d at 517. A FCA *qui tam* action even partly based upon public allegations or transactions is nonetheless barred. *Reagan*, 384 F.3d at 176.

The first element of the public disclosure bar is whether there has been a public disclosure of allegations or transactions. *Colquitt*, 864 F. Supp. 2d at 517. "[T]he key for determining whether allegations or transactions have been publicly disclosed is whether 'the critical elements of the fraudulent transaction were in the public domain.'" *Colquitt*, 864 F. Supp. 2d at 519 (quoting *United States ex rel. Heath v. Dall./Fort Worth Int'l Airport Bd.*, No. 3:99-cv-100-M, 2004 WL 1197483, at *5 (N.D. Tex. May 28, 2004)) (quoting *United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 654 (D.C. Cir. 1994)). "The critical elements have been sufficiently disclosed if the disclosure, taken together, would enable the government to draw an inference of fraud." *Id.* In that respect, the best method to assess whether the bar applies is through the following formula: "if $X + Y = Z$, Z represents the *allegation* of fraud and X and Y represent its essential elements." *Springfield Terminal*, 14 F.3d at 654. Therefore, "[i]n order to disclose the fraudulent *transaction* publicly, the combination of

X and Y must be revealed, from which readers or listeners may infer Z, *i.e.*, the conclusion that fraud has been committed." *Id.*

The second element of the jurisdictional bar is whether the relator's case is "based upon the public disclosure of allegations or transactions." *Colquitt*, 864 F. Supp. 2d at 523 (citing 31 U.S.C. § 3730). This requirement is satisfied when the relator's suit is supported by the publicly disclosed allegations or transactions; therefore, the suit need not be actually derived from the earlier public disclosure itself. *Id.* "An FCA qui tam action even partly based upon publicly disclosed allegations or transactions is nonetheless 'based upon' such allegations or transactions." *Reagan*, 384 F.3d at 176; *see Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 451 (5th Cir. 1995). Therefore, a claim is barred even if it alleges additional instances of fraud by a defendant if previous instances have been publicly disclosed. *See Colquitt*, 864 F. Supp. 2d at 523.

Defendant alleges that the public disclosure bar precludes Relators' claims because Relators' complaint makes allegations that are substantially the same as publicly disclosed court cases (Dkt. #64 at p. 20). Relators contend that the information is not substantially the same because Ocwen was only a named defendant in one of the court cases and none of the opinions cite to an industry-wide scheme of fraud (*See* Dkt. #71 at pp. 15-16). The Court agrees with Relators that the court cases cited by Defendant do not preclude the current action. The only case that mentions Defendant by name is *Drake v. Ocwen Fin. Corp.*, No. 09-6114, 2010 WL 1910337 (N.D. Ill. May 6, 2010). However, the *Drake* case was not a False Claims Act case and did not contain the same broad allegations against Ocwen as alleged within the present action. Additionally, in that case, the court found that the plaintiff had failed to establish that there was a

TILA violation. *Drake*, 2010 WL 1910337, at *9. Therefore, it does not constitute a public disclosure for the purposes of the public disclosure bar.

Additionally, Relators assert that Defendant has not demonstrated that there has been an "industry-wide scheme," in which every entity in the industry participated, or in which Defendant can be easily identified as a wrongdoer (Dkt. #71 at p. 18). The Court agrees with Realtors that Defendant has failed to demonstrate an industry-wide scheme of fraud. "In order to constitute allegations or transactions, a disclosure or group of disclosures must allow the Government to identify the defendant as the alleged wrongdoer." *Colquitt*, 864 F. Supp. 2d at 522 (citing *Jamison*, 649 F.3d at 329). However, this does not mean that the wrongdoer must be identified by name. *Id.* "[I]f publicly available information discloses that every member of an identifiable group or industry committed the alleged wrongdoing, and the defendant is a member of that group, then the disclosures constitute allegations or transactions regarding the defendant." *Id.*; *see United States ex rel. Gear v. Emergency Med. Assoc. of Ill., Inc.*, 436 F.3d 726, 729 (7th Cir. 2006) (court held that "industry-wide public disclosures bar *qui tam* actions against any defendant who is directly identifiable from the public disclosures."). However, if the information only alleges wrongdoing by "a portion of a group or industry," it does not disclose allegations regarding the entire industry or group and is not precluded by the public disclosure bar. *Id.*; *see United States ex rel. Baltazar v. Warden et. al.*, 635 F.3d 866, 869 (7th Cir. 2011). Because the court cases cited by Defendant do not contain the same allegations as those in the present case, do not identify Defendant as a party, or allege an industry-wide scheme of fraud, the Court finds that the allegations are not subject to the public disclosure bar.

Defendant also alleges that Relators' claims are barred because the essential elements were matters of public disclosure. For this argument, Defendant relies on the "X + Y = Z"

14

formula from *Springfield Terminal*. Defendant argues that the "X" in this case is that Ocwen was a participant within the HAMP program and participants were required to execute a Servicer Participation Agreement and submit certifications of compliance that were publicly disclosed (Dkt. #64 at p. 19). The "Y" refers to the allegation that "servicers did not provide TILA disclosures in connection with HAMP modifications that capitalized past-due amounts," which was disclosed in court records of previously filed cases against various loan servicers (Dkt. #64 at p. 20). Defendant alleges that these public disclosures create Relators' false certification theory (Dkt. #64 at p. 21). However, Relators assert that these public disclosures do not form their false certification theory (*See* Dkt. #71 at pp. 16-18). Relators allege that, following Defendant's equation, "Z can be nothing more than 'servicers such as Ocwen participated in HAMP, submitted certificates of compliance, and did not provide TILA disclosures in connection with loan modifications.'" (Dkt. #71 at p. 17). The Court agrees with Relators that their claims are not comprised of publicly disclosed allegations, and therefore, are not precluded by the public disclosure bar.

Defendant also asserts that the TAC is based upon allegations that were publicly disclosed within a New York Consent Order, a Consumer Financial Protection Bureau ("CFPB") Consent Judgment, and related news media reports, which are qualifying public disclosures under the public disclosure bar (Dkt. #75 at p. 4). Relators allege that the New York Consent Order is not a qualifying public disclosure because the federal government was not a party to the agreement (Dkt. #84 at p. 5). Additionally, they argue that the CFPB Consent Judgment is not a qualifying public disclosure because it does not allege the same transactions or allegations as those contained within the TAC (Dkt. #84 at p. 6).

15

The Court agrees with Relators that the New York Consent Order and the CFPB Consent Judgment do not constitute public disclosures within the meaning of § 3730(e)(4)(A). The New York Consent Order does not bar any of Relators' allegations that relate to Ocwen's conduct after March 2010 because the Consent Order did not arise from a federal hearing in which the government was a party, nor did it arise from a federal report.[4] Additionally, the Consent Order does not set forth the specific allegations that are addressed within Relators' TAC. The Court also finds that the CFPB Consent Judgment is not a public disclosure within the meaning of § 3730(e)(4)(A). The CFPB Consent Judgment does not set forth substantially the same allegations as stated within Relators' TAC. However, the media reports pertaining to the New York Consent Order and the CFPB Consent Judgment could be considered public disclosures. Therefore, the Court must determine whether Relators' TAC is "based upon" those disclosed allegations.

Defendant alleges that the media reports about the New York Consent Order and the CFPB Consent Judgment are qualifying public disclosures under the public disclosure bar (*See* Dkt. #75 at pp. 4-6). Relators assert that none of the articles set forth substantially the same claims as those alleged within Relators' TAC (*See* Dkt. #84 at p. 5). The Court agrees with Relators that the news reports do not set forth substantially the same allegations as Relators' TAC. First, the article cited by Defendant regarding the New York Consent Order consists of an article from Bloomberg and an article from the National Mortgage Professional (Dkt. #75-5; Dkt. #75-6). Neither article sets forth substantially the same claims as those alleged within Realtors' TAC. Likewise, the news reports regarding the CFPB Consent Judgment do not set forth substantially the same allegations as Relators' TAC. The news reports cited by Defendant

---

[4] With regards to Relators' allegations regarding Ocwen's conduct prior to March 2010, the Court finds that the Consent Order does not bar the allegations because it does not expose each essential element of the claims set forth in the TAC.

16

merely summarize the allegations within the CFPB Consent Complaint (*See* Dkt. #75-7; Dkt. #75-8). The Court finds that the Relators' TAC goes beyond the allegations set forth in the CFPB Complaint, as well as the media reports cited by Defendant. Because the news reports do not disclose the essential elements within each cause of action in Relators' TAC, the Court finds that the media reports are not qualifying public disclosures for the purposes of § 3730(e)(4)(A).

*Original Source*[5]

When a FCA action is based on publicly disclosed allegations or transactions, "the court does not have jurisdiction unless the relator is 'an original source of the information.'" *Colquitt*, 864 F. Supp. 2d at 524 (citing 31 U.S.C. § 3730(e)(4)(A)). An original source is:

> an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (ii) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

31 U.S.C. § 3730(e)(4)(B).

A relator's "direct and independent knowledge" is based upon the information on which the allegations in the complaint are based, not the information on which the publicly disclosed allegations are based. *Colquitt*, 864 F. Supp. 2d at 524. To be "'direct,' the information must be firsthand knowledge." *Id.* (quoting *Fried*, 527 F.3d at 442-43). "In order to be 'independent,' the information known by the relator cannot depend or rely on the public disclosures." *Id.* Therefore, a relator need not be the original source of every element of his claim, but he must do more than apply his knowledge, experience, or investigation to publicly disclosed information. *See id.* at 525.

---

[5] Although the Court finds that there was no public disclosure of Relators' allegations in the present case, it will address Defendant's claim for dismissal under the original source prong of the public disclosure bar.

17

Defendant alleges that neither Relator can demonstrate that he is an original source of the information contained within the TAC (Dkt. #64 at pp. 17, 22-23). Defendant asserts that Relator Fisher provided his complaint to U.S. Attorneys on August 20, 2012 (Dkt. #64 at pp. 22-23). By that time, Defendants argue, courts had already addressed claims that servicers had violated TILA by neglecting to provide disclosures as part of loan modifications (Dkt. #64 at p. 23). Therefore, Defendant argues that Relators cannot demonstrate that their claims are independent of the publicly disclosed allegations. *See Reagan*, 384 F.3d at 179 ("[S]econd hand information may not be converted into 'direct independent knowledge' simply because the plaintiff discovered through investigation or experience what the public already knew."). Defendant asserts that Relator Bullock cannot be an original source because he is asserting the same claims that were previously asserted by Relator Fisher (Dkt. #64 at p. 17).

Relators assert that they are original sources of the allegations asserted in their complaint because "their knowledge is independent of the alleged public disclosures." (Dkt. #71 at p. 20). Relator Fisher alleges that he "learned the information, allegations and transactions upon which this lawsuit is based directly, in the course of [his] employment, by assisting borrowers in their attempts to obtain home loan modifications from [Ocwen]." (Dkt. #71 at p. 21; Dkt. #71-1). Relator Bullock asserts that he worked at Homeward beginning in April 2009, where he remained after Ocwen purchased Homeward until September 2014 (Dkt. #71 at p. 23). It was at this time that he learned the information pertaining to the allegations in the complaint (Dkt. #71 at p. 23-24).

The Court finds that there is adequate evidence suggesting that Relators are original sources of the claims and allegations asserted against Defendant in the present action. The information from which Relators' claims are derived is based upon their independent

observations from either their employment within Ocwen or from helping individuals obtain loan modifications from Ocwen. Therefore, the Court finds that the Relators' claims against Ocwen are not barred by the public disclosure bar.

## CONCLUSION

Based on the foregoing, the Court finds that Ocwen Loan Servicing, LLC's Rule 12(b)(1) Motion to Dismiss, Rule 56 Motion for Summary Judgment (Dkt. #64) is hereby **DENIED**.

**SIGNED this 1st day of July, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE