# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § <br> *Ex rel.* Michael J. Fisher, Brian Bullock and § <br> Michael Fisher, Individually, and Brian § <br> Bullock, Individually § <br> § <br> v. § <br> § <br> OCWEN LOAN SERVICING, LLC., ET. AL. § | | CASE NO. 4:12-CV-543 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Ocwen Loan Servicing, LLC's Motion to Compel Discovery from Relators (Dkt. #178). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On August 20, 2012, Relator Michael J. Fisher ("Fisher" or "Relator") filed his original complaint under seal (Dkt. #1). In his original complaint, Fisher claimed that Ocwen Loan Servicing LLC's ("Ocwen") Home Affordable Modification Program ("HAMP") modifications violated the federal Truth in Lending Act ("TILA") because Ocwen did not provide a TILA notice of rescission in connection with its loan modifications. (*See* Dkt. #1).

On April 7, 2014, United States Magistrate Judge Don Bush ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #19). On August 1, 2014, Relator filed his Amended Complaint (Dkt. #23). On August 6, 2014, Relator filed his second Amended Complaint (Dkt. #29).

On November 13, 2014, Relators filed their third amended complaint (Dkt. #59). The third amended complaint incorporated allegations including: (1) Federal Housing

1

Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #59). It also added a new relator, Brian Bullock ("Bullock" or "Relator") (Dkt. #59).

On April 17, 2015, Relators filed their Fourth Amended Complaint (Dkt. #126). The Fourth Amended Complaint added a new defendant, Ocwen Financial Corporation ("Ocwen Financial") (Dkt. #126).

On June 29, 2015, Ocwen filed its Motion to Compel Discovery from Relators (Dkt. #178). On July 2, 2015, the Court ordered an expedited briefing schedule (Dkt. #185). On July 7, 2015, Relators filed their response (Dkt. #192). On July 8, 2015, Ocwen filed its reply (Dkt. #195). On July 8, 2015, Relators filed their sur-reply (Dkt. #197).[1]

## ANALYSIS

Ocwen is seeking production of the disclosure statements made under 31 U.S.C. § 3730(b)(2) and other communications made between Relators and the United States Government.[2] (Dkt. #178 at p. 2). Ocwen also seeks the production of the following: (1) communications with former Homeward and Ocwen employees relating to the claims and allegations in the Third Amended Complaint, and (2) any witness statements obtained from current or former Homeward or Ocwen employees. (Dkt. #178 at p. 2). Realtors object to both requests, claiming attorney-client privilege, common interest privilege, and/or the work product doctrine. (Dkt. #178 at pp. 2-3).

---

[1] Relators attached to their sur-reply a motion to strike Ocwen's reply (Dkt. #195). Although the Court did address this motion in a subsequent order, Relators should note that this does not comply with Local Rule CV-7, and should comply with the Local Rules in the future.

[2] Ocwen also subpoenaed the Government to present documents identical to the ones addressed within the present motion. The Government moved to quash the subpoena and for a protective order (*See* Dkt. #190). Although the Court has already addressed and ruled on the Government's motion, the broader arguments within the Government's Motion are addressed herein.

*Production of Disclosure Statements*

Ocwen asserts that the Court should compel disclosure of the disclosure statements and correspondence with the Government because they are not protected from disclosure and they are necessary to Ocwen's defenses (Dkt. #178 at p. 3). Relators contend that they have provided Ocwen with the following information: (1) the names of all persons mentioned within the disclosure statements, (2) all underlying documents used in creating and/or referenced within the disclosure statements, (3) all underlying documents provided by Relators to the United States under 31 U.S.C. § 3730(b)(2), and (4) all factual information used to create or referred to within the statements (Dkt. #192 at p. 1). Relators assert that they are only withholding the actual disclosure statements because those are protected by attorney-client privilege, common interest privilege, and the work product doctrine (Dkt. #192 at p. 1).

The False Claims Act ("FCA") authorizes a person to file a civil action alleging a violation on behalf of the person and the government. *See* 31 U.S.C. § 3730(b)(1). However, the FCA requires that the person serve on the government a "written disclosure of substantially all material evidence and information the person possesses." 31 U.S.C. § 3730(b)(2). "The purpose of the written disclosure requirement 'is to provide the United States with enough information on the alleged fraud to be able to make a well reasoned decision on whether it should participate in the filed lawsuit or allow the relator to proceed alone.'" *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 555 (C.D. Cal. 2003) (quoting *United States ex rel. Woodard v. Country View Care Ctr., Inc.*, 797 F.2d 888, 892 (10th Cir. 1986)).

"The FCA is silent as to if the written disclosure is protected from discovery." *U.S. ex rel. Cericola v. Ben Franklin Bank*, No. 99 C 6311, 2003 WL 22071484, at *2 (N.D. Ill. Sept. 4,

2003); *see, e.g.*, *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1338, 1345-46 (E.D. Mo. 1996); *United States ex rel. Burns v. A.D. Roe Co.*, 904 F. Supp. 592, 593-94 (W.D. Ky. 1995); *United States ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 398 (D. Colo. 1992). However, the courts have found that the written disclosure statement may be protected under the work product doctrine. *See, e.g., Bagley*, 212 F.R.D. at 559-61; *O'Keefe*, 918 F. Supp. at 1346; *United States ex rel. Robinson v. Northrop Corp.*, 824 F. Supp. 830, 838-39 (N.D. Ill. 1993); *Stone*, 144 F.R.D. at 400-401.

> Federal Rule of Civil Procedure 26(b)(3) states in relevant part:
>
> [A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But…those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FED. R. CIV. P. 26(b)(3)(A). "The work-product doctrine provides qualified protection of documents and tangible items prepared in anticipation of litigation, including 'a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements.'" *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 400 (E.D. Tex. 2003) (quoting *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991)). Rule 26(b)(3) distinguishes between opinion work product, which consists of the "mental impressions, conclusions, or legal theories of an attorney or other representative of a party," and ordinary work product, which consists of the "factual material prepared in anticipation of litigation or trial." *Bagley*, 212 F.R.D. at 559; *see, e.g., United States ex. rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 684 (S.D. Cal. 1996); *Stone*, 144 F.R.D. at 401 (D. Colo. 1992).

"If a party proves that materials merit work-product protection, the party seeking discovery must prove why those materials should still be produced." *Ferko*, 219 F.R.D. at 400. The party seeking production must establish (1) a substantial need of the privileged materials and (2) an inability to obtain the information through other means without undue hardship. *Id.* However, "[a]bsent a waiver, opinion work product enjoys nearly absolute protection and is discoverable only in 'rare and extraordinary circumstances.'" *Bagley*, 212 F.R.D. at 559 (citing *Burroughs*, 167 F.R.D. at 683-684).

The Fifth Circuit has not directly addressed whether FCA disclosure statements constitute opinion work product or ordinary work product. However, in *Bagley*, a California district court found that the disclosure statements exchanged between relators and the government constituted opinion work product and were subject to absolute privilege. *See Bagley*, 212 F.R.D. 554 (C.D. Cal. 2003). The *Bagley* court found that the disclosure statements constituted opinion work product because

> [t]o meet [the FCA's disclosure] obligation, the relator and his or her counsel must engage in a process of selecting and winnowing from the totality of information known to the relator only those facts and evidence that are material to the relator's legal claims. Therefore, the factual narratives in the disclosure statements reveal "the mental impressions, conclusions, opinions, or legal theories of" the relator and his or her counsel.

*Id.* at 564. The *Bagley* court also found that classifying disclosure statements as opinion work product fulfilled the purposes of 31 U.S.C. § 3730(b)(2). *Id.* at 565. However, many courts have found that disclosure statements constitute ordinary work product, and thus, the material would remain privileged unless the opposing party could demonstrate a substantial need for the material and an undue hardship in obtaining the information through alternate means. *See, e.g., Burroughs*, 167 F.R.D. 680; *Cericola*, 2003 WL 22071484; *United States ex rel. Yannacopoulos v. General Dynamics*, 231 F.R.D. 378 (N.D. Ill. 2005).

Additionally, the common interest privilege is an extension of the attorney-client privilege and of the work product doctrine. *Ferko*, 219 F.R.D. at 401. It is "an exception to the general rule that the [] privilege is waived upon disclosure of privileged information with a third party." *Id.* (quoting *Katz v. AT&T Corp.*, 191 F.R.D. 433, 436 (E.D. Pa. 2000)). A number of courts have held that relators' disclosure statements are protected by the "common interest" or "joint prosecution" privilege. *See United States v. Medica-Rents Co.*, 4:01-CV-198-Y, 2002 WL 1483085 (N.D. Tex. June 21, 2002); *see also, Burroughs*, 167 F.R.D. at 685-686; *United States ex rel. Purcell v. MWI Corp.,* 209 F.R.D. 21, 26-27 (D.D.C. 2002); *United States ex rel. [Redacted] v. [Redacted]*, 209 F.R.D. 475, 478, 479 (D. Utah 2001).

The Court finds that the disclosure statements submitted to the Government by Relators pursuant to 31 U.S.C. § 3730(b)(2) constitute at least ordinary work product for the purposes of the work product doctrine. Public policy favors the full and frank communication between Relators and the Government concerning the prosecution of the case, and as such, the communications must be protected from disclosure. Therefore, protection was not waived when Relators disclosed the information to the Government as the common-interest doctrine applies.

Additionally, the Court finds that Ocwen has not established both a substantial need for the documents and an undue hardship in obtaining the documents by other means. Ocwen argues that it has a substantial need for the disclosure statements so that it can conduct its discovery in the present case. (Dkt. #178 at p. 6). Ocwen also asserts that forcing it "to compile information through interrogatories, document requests, and depositions would place an undue burden on [it]." (Dkt. #178 at p. 7).

The Court does not find Ocwen's argument to be persuasive.[3] Relators assert that they have produced to Ocwen all the factual documents accompanying the disclosure statements, as well as the identity of any persons named within the disclosure statements (Dkt. #192 at p. 7). Additionally, Ocwen has the opportunity to question Relators regarding the information contained within their allegations and their investigative efforts (Dkt. #192 at p. 7).[4] Therefore, the Court finds that Ocwen has not made the requisite showing needed to compel the production of the documents protected under the work product doctrine. Ocwen's motion to compel will be denied as to the production of the disclosure statements.[5]

*Non-Testifying Consulting Experts*

Ocwen also requests that Relators produce any communications with former Homeward and Ocwen employees relating to the claims and allegations in the Third Amended Complaint, and any witness statements obtained from current or former Homeward or Ocwen employees. (Dkt. #178 at p. 2). Relators claim the documents are privileged under the non-testifying consulting expert privilege (*See* Dkt. #192 at p. 9-10). Additionally, at the hearing held on July 10, 2015, Ocwen argued that it was challenging Relators' designation of the ex-employees as non-testifying consulting experts.

---

[3] Ocwen asserts that it "is entitled, at the very least, to have the Court review *in camera* Relators' disclosure statements and require production of all non-privileged contents." (Dkt. #178 at p. 5, n. 4) (citing *Cericola*, 2003 WL 22071484, at *3 (N.D. Ill. Sept. 4, 2003); *Grand ex rel. United States v. Northrop Corp.*, 811 F. Supp. 333, 337 (S.D. Ohio 1992). As the Court stated during the July 10, 2015 hearing on this motion, Ocwen has not shown that it has a substantial need for the privileged disclosed statements, and therefore, the Court will not conduct an *in camera* review.

[4] Relators assert that Ocwen had scheduled depositions for Relators Fisher and Bullock, but at the time the motion was filed had given notice that they wanted to postpone the depositions. Relators also assert that Relators have been deposed in the *United States ex rel. Fisher v. Homeward Residential Inc.* proceeding (No. 4:12-cv-461 (E.D. Tex. 2012)) (Dkt. #178 at p. 7), however, the Court does not find this persuasive as Relators have not been deposed as to the claims against Ocwen.

[5] The Court will not address Relators' claim that the disclosure statement is protected by attorney-client privilege. However, reported decisions expressly addressing the issue have uniformly concluded that disclosure statements are not protected by the attorney-client privilege. *Bagley*, 212 F.R.D. at 558; *see, e.g., Burroughs*, 167 F.R.D. at 682-83; *Burns*, 904 F. Supp. at 594; *Stone*, 144 F.R.D. at 399-400.

After reviewing the relevant pleadings, the Court finds that Relators have not made an improper designation of the non-testifying consulting expert witnesses, and therefore, Ocwen's motion will be denied as to the issue of the non-testifying consulting experts.

**CONCLUSION**

It is therefore **ORDERED** that Ocwen Loan Servicing LLC's Motion to Compel Discovery from Relators (Dkt. #178) is hereby **DENIED**.

**SIGNED this 31st day of July, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE