# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| *Ex rel.* Michael J. Fisher, Brian Bullock and § | | |
| Michael Fisher, Individually and Brian § | | |
| Bullock, Individually § | | |
| § | | |
| v. § | CASE NO. 4:12-CV-461 | |
| § | Judge Mazzant | |
| HOMEWARD RESIDENTIAL, INC., f/k/a § | | |
| American Home Mortgage Servicing, Inc., § | | |
| ET. AL. § | | |
| | | |
| UNITED STATES OF AMERICA § | | |
| *Ex rel.* Michael J. Fisher, Brian Bullock and § | | |
| Michael Fisher, Individually and Brian § | | |
| Bullock, Individually § | | |
| § | | |
| v. § | CASE NO. 4:12-CV-543 | |
| § | Judge Mazzant | |
| OCWEN LOAN SERVICING, LLC., ET. AL. § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, and Homeward Residential, Inc.'s Motion to Consolidate for Trial (Dkt. #293 Ocwen; Dkt. #226 Homeward). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Relator Michael J. Fisher ("Relator" or "Fisher") filed *United States of America v. Homeward Residential, Inc.*, No. 4:12-cv-461 (E.D. Tex. 2012) (the "*Homeward*" action) under seal on July 25, 2012 (Dkt. #1 Homeward). The United States declined to intervene, and on June 4, 2014, the *Homeward* complaint was unsealed and served (Dkt. #27 Homeward).

Fisher filed *United States of America v. Ocwen Loan Servicing, LLC*, No. 4:12-cv-543 (E.D. Tex. 2012) (the "*Ocwen*" action) under seal on August 20, 2012 (Dkt. #1 Ocwen); and the case was assigned to Judge Schell and Magistrate Judge Bush. The United States declined to intervene, and on April 7, 2014, the *Ocwen* complaint was unsealed and served (Dkt. #19 Ocwen).

On January 9, 2015, Ocwen Loan Servicing, LLC ("OLS") filed a Motion to Transfer Action, in which it requested that that the case be transferred to this Court (Dkt. #81 Ocwen). On March 9, 2015, Magistrate Judge Bush granted OLS's motion to transfer, and the action was transferred to this Court (Dkt. #101 Ocwen).

On March 3, 2015, Relators in the *Homeward* case sought leave to amend their complaint, in which they sought to add Ocwen Financial Corporation ("OFC") as a defendant (Dkt. #100 Homeward). On April 17, 2015, Relators in the *Ocwen* case sought leave to amend to amend their complaint, in which they sought to add OFC as a defendant (Dkt. #125 Ocwen). The Court granted *Ocwen*'s motion on July 16, 2015 (Dkt. #212 Ocwen), and granted Homeward Residential Inc.'s ("Homeward") motion on July 17, 2015 (Dkt. #153 Homeward).

On December 23, 2015, Defendants filed their Motion to Consolidate for Trial (Dkt. #293 Ocwen; Dkt. #226 Homeward). On January 11, 2016, Relators filed their response (Dkt. #305 Ocwen; Dkt. #232 Homeward). On January 22, 2016, Defendants filed their reply (Dkt. #326 Ocwen; Dkt. #244 Homeward). On February 1, 2016, Relators filed their sur-reply (Dkt. #360 Ocwen; Dkt. #274 Homeward).

## LEGAL STANDARD

Federal Rule of Civil Procedure 42 provides, in pertinent part:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42.

"A court has wide discretion in deciding whether two or more actions have common questions of law and fact and whether consolidation would save time and money." *Gabriel v. OneWest Bank FSB*, Nos. H-11-3356, H-12-324, 2012 WL 1158732, at *1 (S.D. Tex. Apr. 5, 2012) (citing *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989)); *Xavier v. Belfor USA Grp., Inc.*, Nos. 06-491, 06-7084, 2008 WL 4862543, at *2 (E.D. La. Feb. 20, 2008) (quoting *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985)). Therefore, "where there are actions before the Court which do involve a common question of law or fact, the trial court may, in its discretion, decide to consolidate the actions, but it is not mandated to do so." *Xavier*, 2008 WL 4862543, at *2. "While it is required that a common question of law or fact be present as a prerequisite to consolidation, the mere presence of a common question does not require consolidation." *Id.* (citing *Cont'l Bank & Tr. Co. v. Ols. E.D. Platzer*, 304 F. Supp. 228, 229 (S.D. Tex. 1969)). Additionally, consolidation is not appropriate if judicial time and effort would not be saved when balanced against "the inconvenience, delay and confusion that might result[.]" *Id.* (citing *Cont'l Bank & Tr. Co.*, 304 F. Supp. at 229-30).

Courts frequently consolidate cases that substantially overlap. *Gabriel*, 2012 WL 1158732, at *1 (citing *Gate Guard Serv., LP v. Solis*, No. V-10-91, 2011 WL 2784447, at *14 (S.D. Tex. July 12, 2011)).

> Factors for the court to consider in determining if consolidation is appropriate are whether (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) there is risk of prejudice or confusion if the cases are consolidated and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues;

(5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at different stages.

*Id.* (citing *In re Enron Corp. Sec., Derivative & ERISA Litig.*, Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007)). Another factor courts consider is "whether the cases are at the same stage of preparation for trial." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 2007 WL 446051, at *1.

Consolidation does not merge suits into a single cause of action or change the rights of the parties. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 2007 WL 446051, at *1 (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1983)) ("[A]ctions maintain their separate identity even if consolidated."); *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("But consolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other."); *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) ("Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment.").

## ANALYSIS

Defendants request that the Court consolidate the above-referenced actions for trial purposes. Defendants assert that "a single trial would promote judicial efficiency, conserve judicial and party resources, and pose no risk of prejudice to the parties given that the actions are in procedurally identical stages." (Dkt. #293 at pp. 7-8 Ocwen; Dkt. #226 at pp. 7-8 Homeward).[1] Relators argue that "[t]hese cases are not appropriate for consolidation for trial

---

[1] Alternatively, Defendants request that the Court consolidate the cases for pretrial purposes, with the *Homeward* case being tried first (Dkt. #293 at p. 8 Ocwen; Dkt. #226 at p. 8 Homeward). On September 8, 2015, the Court set the *Ocwen* trial for Final Pretrial Conference on April 13, 2016, and Jury Selection on May 16, 2016 (Dkt. #246

4

because the serious risk of jury confusion and prejudice to Relators far outweighs any minor alleged gains in efficiency." (Dkt. #305 at p. 3 Ocwen; Dkt. #232 at p. 3 Homeward).

The Court finds that consolidation could create a risk of significant jury confusion. These cases are unusually complex cases. The government programs at issue are complex, and Relators have asserted numerous, distinct, and complex allegations against Defendants. Additionally, several witnesses have worked for both of Defendants' companies during different time periods. The Court finds that it would be nearly impossible for the jury to keep track of the different violations, and which violation was committed by which company.

Defendants assert that consolidation is appropriate because OFC is a common defendant. However, while OFC is a defendant in both of the *Ocwen* and *Homeward* cases, its roles and reasons for liability are distinct, and the Court finds that consolidation would blur the legal distinctions and could confuse the jury.

Therefore, the Court finds that consolidation is not appropriate, and Defendants' motion should be denied. The *Ocwen* case is set for Final Pretrial Conference on April 13, 2016, and Jury Selection and Trial on May 16, 2016. The *Homeward* case is set for Final Pretrial Conference on June 2, 2016, and Jury Selection and Trial on June 28, 2016.

## CONCLUSION

It is therefore **ORDERED** that Defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC, and Homeward Residential, Inc.'s Motion to Consolidate for Trial (Dkt. #293 Ocwen; Dkt. #226 Homeward) is hereby **DENIED**.

---

Ocwen), and set the *Homeward* case for Final Pretrial Conference on June 2, 2016, and Jury Selection on June 28, 2016 (Dkt. #184 Homeward). The Court does not see a reason to consolidate the cases for pretrial purposes, and will not rearrange the cases' trial schedules. Therefore, the cases will remain as previously scheduled on the Court's docket (Dkt. #246 Ocwen; Dkt. #184 Homeward).

**SIGNED this 29th day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE