# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*Ex rel.,* Michael J. Fisher, and Michael Fisher<br>Individually, and Brian Bullock, and Brian<br>Bullock, Individually<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC and<br>OCWEN FINANCIAL CORPORATION | § § § § § § § § § § | <br><br><br><br>CIVIL ACTION NO 4:12-CV-543<br>Judge Mazzant |
| UNITED STATES OF AMERICA<br>*Ex rel.,* Michael J. Fisher, and Michael Fisher<br>Individually, and Brian Bullock, and Brian<br>Bullock, Individually<br><br>v.<br><br>HOMEWARD RESIDENTIAL, INC. f/k/a<br>AMERICAN HOME MORTGAGE<br>SERVICING, INC. and OCWEN<br>FINANCIAL CORPORATION | § § § § § § § § § § § § | <br><br><br><br>CIVIL ACTION NO 4:12-CV-461<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Relators' Michael J. Fisher and Brian Bullock's Motion for Partial Summary Judgment (Dkt. #228 *in 4:12-cv-461*; Dkt. #298 *in 4:12-cv-543*) and Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, and Homeward Residential, Inc.'s Objections and Motion to Strike Certain Exhibits Attached to Relators' December 29, 2015 Motion for Partial Summary Judgment (Dkt. #245 *in 4:12-cv-461*; and Dkt. #327 *in 4:12-cv-543*). After reviewing the relevant pleadings, the Court finds that Relators' motion should be denied and Defendants' motion should be granted in part and denied in part.

## BACKGROUND

On or about April 16, 2009, Defendant Ocwen Financial Corporation ("OFC") executed

1

the OFC Servicer Participation Agreement (the "SPA") (Dkt. #228 at p. 2; Dkt. #298 at p. 2). In its Financial Instrument ("FI"), which was attached to the SPA, OFC represented that,

> (b) Servicer is in compliance with and covenants that all Services will be performed in compliance with, all applicable Federal, state and local laws, regulations, regulatory guidance, statutes, ordinances, codes and requirements, including, but not limited to, the Truth in Lending Act, 15 USC 160 I § et seq, the Home Ownership and Equity Protection Act, 15 USC §1639, the Federal Trade Commission Act, 15 USC § 41 et seq, the Equal Credit Opportunity Act, 15 USC § 701 et seq, the Fair Credit Reporting Act, 15 USC § 1681 et seq, the Fair Housing Act and other Federal and state laws designed to prevent unfair, discriminatory or predatory lending practices….

(Dkt #228 at p. 3; Dkt. #298 at p. 3) (quoting Exhibit A at pp. 14-15 ¶ 5(b)).

On or about September 9, 2010, Ocwen Loan Servicing, LLC ("OLS"), OFC's wholly owned subsidiary, executed the OLS Amended SPA (Dkt. #228 at p. 3; Dkt. #298 at p. 3). In its FI, which was appended to and incorporated into the OLS Amended SPA, OLS represented that,

> (b) Servicer is in compliance with and covenants that all Services will be performed in compliance with, all applicable Federal, state and local laws, regulations, regulatory guidance, statutes, ordinances, codes and requirements, including, but not limited to, the Truth in Lending Act, 15 USC 160 I § et seq, the Home Ownership and Equity Protection Act, 15 USC §1639, the Federal Trade Commission Act, 15 USC § 41 et seq, the Equal Credit Opportunity Act, 15 USC § 701 et seq, the Fair Credit Reporting Act, 15 USC § 1681 et seq, the Fair Housing Act and other Federal and state laws designed to prevent unfair, discriminatory or predatory lending practices….

(Dkt. #228 at p. 3; Dkt. #298 at p. 3) (quoting Exhibit B at p. 22). OLS executed annual "subsequent certifications," including those dated September 29, 2010, September 22, 2011, September 19, 2012, September 19, 2013, and September 25, 2014 (Dkt. #228 at p. 3; Dkt. #298 at p. 3) (citing Exhibits C, D, E, F). In its subsequent certifications, OLS represented that,

> 2. In connection with the Programs, Services is in material compliance with, and certifies that all Services have been materially performed in compliance with, all applicable Federal, state and local laws, regulations, regulatory guidance, statutes, ordinances, codes and requirements, including, but not limited to, the Truth in Lending Act, 15 USC 1601 § et seq., the Home Ownership and Equity Protection Act, 15 USC § 1639, the Federal Trade Commission Act, 15 USC § 41 et seq., the

> Equal Credit Opportunity Act, 15 USC § 701 et seq., the Fair Credit Reporting Act, 15 USC § 1681 et seq., the Fair Housing Act and other Federal and state laws designed to prevent unfair, discriminatory or predatory lending practices and all applicable laws governing tenant rights, bankruptcy, mediation and foreclosure….

(Dkt. #228 at pp. 3-4; Dkt. #298 at pp. 3-4) (quoting Exhibit C at p. 3, Exhibit D at p. 3, Exhibit E at p. 3, Exhibit F at p. 3).

On or about July 10, 2009, Homeward Residential, Inc. ("Homeward") executed the Homeward SPA (Dkt. #228 at p. 4; Dkt. #298 at p. 4). Homeward executed annual subsequent certifications, dated September 30, 2010, and February 1, 2012, in which it represented that,

> 2. In connection with the Programs, Servicer is in material compliance with, and certifies that all Services have been materially performed in compliance with, all applicable Federal, state and local laws, regulations, regulatory guidance, statutes, ordinances, codes and requirements, including, but not limited to, the Truth in Lending Act, 15 USC 1601 § et seq., the Home Ownership and Equity Protection Act, 15 USC § 1639, the Federal Trade Commission Act, 15 USC § 41 et seq., the Equal Credit Opportunity Act, 15 USC § 701 et seq., the Fair Credit Reporting Act, 15 USC § 1681 et seq., the Fair Housing Act and other Federal and state laws designed to prevent unfair, discriminatory or predatory lending practices and all applicable laws governing tenant rights, bankruptcy, mediation and foreclosure….

(Dkt. #228 at p. 4; Dkt. #298 at p. 4) (quoting Exhibit I, J).

On June 29, 2010, the State of Maryland Department of Labor, Licensing, and Regulation ("MDLLR") completed an examination of Homeward, in which it found that Homeward committed numerous and widespread mortgage servicing violations, including numerous violations concerning a failure to maintain proper documentation, and the failure to provide adequate notices to borrowers in violation of the Real Estate Settlement Procedures Act ("RESPA") (Dkt. #228 at pp. 9-10; Dkt. #298 at pp. 9-10).

On December 19, 2014, OFC and OLS entered a Consent Order Pursuant to New York Banking Law § 44 with the New York State Department of Financial Services ("NYDFS") (the "New York Consent Order") (Dkt. #228 at p. 4; Dkt. #298 at p. 4). The NYDFS findings were

based in part on the work of two compliance monitors that were appointed to monitor Ocwen's servicing practices, StoneTurn and Boston Portfolio (the "Compliance Monitors") (Dkt. #228 at p. 7; Dkt. #298 at p. 7). The Compliance Monitors issued six "Compliance Review Reports" with their findings (Dkt. #228 at p. 7; Dkt #298 at p. 7).

*The Homeward Action (the 4:12-cv-461 Action)*

On July 25, 2012, Relator Michael J. Fisher ("Fisher" or "Relator") filed his original complaint under seal (Dkt. #1 *in 4:12-cv-461*). In his original complaint, Fisher alleged that Homeward did not provide disclosures required by the Truth in Lending Act ("TILA") and Regulation Z with any of its Home Affordable Modification Program ("HAMP") or non-HAMP modifications (Dkt. #1 *in 4:12-cv-461*).

On June 4, 2014, the Court ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #27 *in 4:12-cv-461*). On October 16, 2014, Relators filed *Qui Tam* Relators' First Amended Complaint (Dkt. #39 *in 4:12-cv-461*). The First Amended Complaint incorporated new allegations including: (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #39 *in 4:12-cv-461*). It also added a new relator, Brian Bullock ("Bullock" or "Relator") (Dkt. #39 *in 4:12-cv-461*).

On March 3, 2015, Relators filed their second amended complaint (Dkt. #101 *in 4:12-cv-461*). The second amended complaint added OFC as a new defendant (Dkt. #101 *in 4:12-cv-461*).

On December 29, 2015, Relators filed their Motion for Partial Summary Judgment (Dkt. #228; Dkt. #229; Dkt. #230 *in 4:12-cv-461*). On January 22, 2016, Defendants filed their

response (Dkt. #247 *in 4:12-cv-461*). On February 3, 2016, Relators filed their reply (Dkt. #276 *in 4:12-cv-461*). On February 12, 2016, Defendants filed their sur-reply (Dkt. #283 *in 4:12-cv-461*).

On January 22, 2016, Defendants filed their Objections and Motion to Strike Certain Exhibits Attached to Relators' December 29, 2015 Motion (Dkt. #245 *in 4:12-cv-461*). On February 8, 2016, Relators filed their response.[1] On February 18, 2016, Defendants filed their reply (Dkt. #286 *in 4:12-cv-461*). On February 29, 2016, Relators filed their sur-reply (Dkt. #288 *in 4:12-cv-461*).

*The Ocwen Action (the 4:12-cv-543 Action)*

On August 20, 2012, Relator Michael J. Fisher ("Fisher" or "Relator") filed his original complaint under seal (Dkt. #1 *in 4:12-cv-543*). In his original complaint, Fisher claimed that OLS's HAMP modifications violated the federal Truth in Lending Act ("TILA") because Ocwen did not provide a TILA notice of rescission in connection with its loan modifications. (*See* Dkt. #1 *in 4:12-cv-543*).

On April 7, 2014, United States Magistrate Judge Don Bush ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #19 *in 4:12-cv-543*). On August 1, 2014, Relator filed his amended complaint (Dkt. #23 *in 4:12-cv-543*). On August 6, 2014, Relator filed his second amended complaint (Dkt. #29 *in 4:12-cv-543*).

On November 13, 2014, Relators filed their third amended complaint (Dkt. #59 *in 4:12-cv-543*). The third amended complaint incorporated allegations including: (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement

---
[1] Upon the Court's review of the pleadings, it appears that Relators only filed their response to Defendants' motion in case number 4:12-cv-543. After reviewing Relators' response, the Court finds that Relators intended to file their response in both cases, and thus, will consider the response for purposes of this Order.

5

Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #59 *in 4:12-cv-543*). It also added Bullock as a new relator (Dkt. #59 *in 4:12-cv-543*).

On April 17, 2015, Relators filed their fourth amended complaint (Dkt. #126 *in 4:12-cv-543*). This complaint added OFC as a defendant, alleging that OFC made false representations to the government, which induced the government to enter into the SPA (*See* Dkt. #126 *in 4:12-cv-543*). The fourth amended complaint also claims that OFC is the parent company of Ocwen (Dkt. #126 *in 4:12-cv-543*).

On December 29, 2015, Relators filed their Motion for Partial Summary Judgment (Dkt. #298; Dkt. #299; Dkt. #300 *in 4:12-cv-543*). On January 22, 2016, Defendants filed their response (Dkt. #329 *in 4:12-cv-543*). On February 3, 2016, Relators filed their reply (Dkt. #363 *in 4:12-cv-543*). On February 12, 2016, Defendants filed their sur-reply (Dkt. #375 *in 4:12-cv-543*).

On January 22, 2016, Defendants filed their Objections and Motion to Strike Certain Exhibits Attached to Relators' December 29, 2015 Motion (Dkt. #327 *in 4:12-cv-543*). On February 8, 2016, Relators filed their response (Dkt. #368 *in 4:12-cv-543*). On February 18, 2016, Defendants filed their reply (Dkt. #381 *in 4:12-cv-543*). On February 29, 2016, Relators filed their sur-reply (Dkt. #385 *in 4:12-cv-543*).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to

judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the

evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

*Defendants' Objections and Motion to Strike Exhibits in Partial Summary Judgment (Dkt. #245; Dkt. #327)*

**Exhibit K—New York Consent Order**

First, Defendants object to the admission of the New York Consent Order, insofar as Relators rely on any statement to demonstrate that Defendants violated certain laws because any such statement would constitute inadmissible hearsay under Federal Rules of Evidence 801 and 802 (Dkt. #245 at p. 2; Dkt. #327 at p. 2). Relators assert that the New York Consent Order is admissible because it contains relevant statements of an opposing party, and thus, does not constitute hearsay under Federal Rule of Evidence 801(d) (Dkt. #368 at p. 1). Relators also assert that the New York Consent Order is admissible under the public record exception to the hearsay rule (Dkt. #368 at p. 2) (citing FED. R. EVID. 803(8)).

The Federal Rules of Evidence dictate that hearsay is not admissible unless it falls within an exception established by a rule or statute. FED. R. EVID. 802. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801.

First, Relators assert that the New York Consent Order does not constitute hearsay as it is a statement offered against an opposing party under Rule 801(d)(2). Rule 801(d)(2) states that a statement is not hearsay if the following conditions are met:

> The statement is offered against an opposing party and:
>
> (A) was made by the party in an individual or representative capacity;
> (B) is one the party manifested that it adopted or believed to be true;
> (C) was made by a person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

The Court finds that the New York Consent Order is admissible as a statement offered against an opposing party. In *In re Hirth*, ADV No. 11-00474, 2014 WL 7048395, at *9 (B.A.P. 9th Cir. Dec. 11, 2014), the court held that a consent order did not constitute hearsay, and construed the consent order that resulted from an investigation by the Arizona Department of Real Estate ("ADRE") into certain alleged violations of state laws "as including statements against interest (a.k.a., admissions against interest)." Defendants assert that *In re Hirth* is not applicable because in that case "the hearsay objector entered into a consent order in which it had 'consented to [the consent order's] factual findings *and legal conclusions*[,]" unlike the present case (Dkt. #286 at p. 1; Dkt. #381 at p. 1) (citing *In re Hirth*, 2014 WL 7048395, at *3) (emphasis in original)). However, the parties stipulate to the entire Consent Order, and while the parties did not specifically state that they consented to the facts and legal conclusions, the parties' stipulation to the agreement signifies their consent. Therefore, the Court finds that the New York Consent Order is admissible as summary judgment evidence under Federal Rule of Evidence 801(d)(2), and Defendants' objections are overruled.

**Exhibits Z, AA, BB, CC, DD, and EE—Compliance Review Reports**

Defendants object to the admission of the Compliance Review Reports because (1) Relators failed to authenticate the report; and (2) the reports constitute inadmissible hearsay as they are being offered for the truth of the matter asserted (Dkt. #245 at p. 3; Dkt. #327 at p. 3). Relators assert that the reports have been properly authenticated and that the exhibits are admissible under the public records exception to the hearsay rule (Dkt. #368 at pp. 3-5).

First, Defendants assert that the Compliance Review Reports were not properly

9

authenticated. Relators assert that "[t]he first three Compliance Review Reports were prepared by StoneTurn Group ("StoneTurn") and Boston Portfolio Advisors, (Exhibits Z, AA, and BB), [and] were authenticated as records of regularly conducted activity by Desiree Daley ("Daley")…." (Dkt. #368 at p. 5). Relators assert that "the [f]ourth and [s]ixth Compliance Review Report (Exhibits CC and EE) were produced by Defendant Ocwen in response to discovery requests[,]" and that "Defendant Ocwen also produced a substantively identical version of the [f]ifth Compliance Review Report prepared by StoneTurn (Exhibit DD)." (Dkt. #368 at pp. 5-6). Relators argue that these documents are self-authenticating as they were produced in response to discovery requests (Dkt. #368 at p. 6)

The Court finds that Exhibits CC, DD, and EE are properly authenticated. *Trammell Crow Residential Co. v. Am. Protection Ins. Co.*, No. 3:10-CV-2163-B, 2012 WL 4364616, at *7 n. 3 (N.D. Tex. Sept. 25, 2012); *see Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988) (documents produced in response to discovery requests are self-authenticating); *FTC v. Hughes*, 710 F. Supp. 1520, 1522 (N.D. Tex. 1989) (same); *Hannon v. Kiwi Servs.*, No. 3:10-cv-1382, 2011 WL 7052795, at *2 (N.D. Tex. Dec. 30, 2011) (same). The Court also finds that Exhibits Z, AA, and BB have been properly authenticated by Daley during her deposition on October 27, 2015 (Dkt. #368, Exhibit A).

Defendants also object that the Compliance Review Reports constitute inadmissible hearsay. Relators assert that the documents fall under the public records exception to the hearsay rule, and are therefore admissible. "Federal Rule of Evidence 803(8) provides an exception to the rule against hearsay for records or statements of a public office if they set out 'the office's activities,' 'a matter observed while under a legal duty to report,' or 'factual findings from a legally authorized investigation,' and 'neither the source of the information nor other

circumstances indicate a lack of trustworthiness.'" *Bingham v. Jefferson Cty., Tex.*, No. 1:11-CV-48, 2013 WL 1312563, at *7 (E.D. Tex. Mar. 1, 2013), *report and recommendation adopted as modified*, No. 1:11-CV-48, 2013 WL 1312014 (E.D. Tex. Mar. 27, 2013) (quoting FED. R. EVID. 803(8)). "Opinions and conclusion, as well as facts, are covered by Rule 803(8)[]." *Id.* (quoting *Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991) (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988)). The Fifth Circuit has stated that "the duty to prepare the report can be delegated, *under government regulations*, to an independent agency or to a foreign government without the report losing its character when submitted through the appropriate United States agency, as a report of a department or agency of the United States." *United States v. Cent. Gulf Lines, Inc.*, 974 F.2d 621, 627 (5th Cir. 1992) (quoting *United States v. Lykes Bros. S.S. Co.*, 432 F.2d 1076, 1077 (5th Cir. 1970) (emphasis added)).

After reviewing the Compliance Review Reports, the Court finds that they do not fall within the public records exception. The independent compliance monitors were independently appointed based upon the agreement of Ocwen and the NYDFS. Although the compliance monitor appears to be independent and reports directly to the NYDFS, it appears to the Court that the compliance monitor was instituted under the agreement of the parties and the New York Consent Order, not based upon government regulation. Therefore, the Court finds for purposes of summary judgment Defendants' objections should be sustained, and Exhibits Z, AA, BB, CC, DD, and EE should be stricken from the summary judgment record.

**Exhibits V and HH—West Virginia Division of Financial Institutions ("WVDFI") and MDLLR Reports**

Defendants object to the admission of the reports in their entirety because (1) the documents are not properly authenticated; and (2) the reports constitute inadmissible hearsay (Dkt. #245 at p. 4; Dkt. #327 at p. 4). Relators assert that the exhibits are properly authenticated

because they are self-authenticating documents, and are admissible under the public records exception to the hearsay rule (Dkt. #368 at pp. 6-7).

First, Defendants object that the documents were not properly authenticated. However, the Court finds that the documents were properly authenticated because they are self-authenticating documents. *Trammell Crow Residential Co.*, 2012 WL 4364616, at *7 n. 3; *see Snyder*, 839 F.2d at 1089 (documents produced in response to discovery requests are self-authenticating); *Hughes*, 710 F. Supp. at 1522 (same); *Hannon*, 2011 WL 7052795, at *2 (same).

Defendants also object that the reports contain inadmissible hearsay and should not be admitted. The Court finds that the WVDFI and the MDLLR reports are admissible under the public records exception. *See Bingham*, 2013 WL 1312563, at *7. Therefore, the Court will overrule Defendants' objections to Exhibits V and HH for purposes of summary judgment.

**Exhibit GG—Declaration of Relator Brian Bullock**

Defendants object to the admission of the declaration, and specifically Bullock's statements that (i) he "observed that Ocwen was engaging in the practice of improperly capitalizing unloaned principal[,]" (ii) "Ocwen would include not only the interest and fees (which are proper to include), but also the principal portion of the missed payments[,]" and (iii) "Ocwen failed to give the borrowers credit for the principal portion of late payments by reducing their unpaid principal balance." (Dkt. #228, Exhibit GG at ¶¶ 4-5; Dkt. #298, Exhibit GG at ¶¶ 4-5). Defendants assert that the statements should be excluded because they contradict Bullock's prior testimony that "his job duties did not include deciding 'what amounts to capitalize in any new principal balance' when calculating modified loan payments…." (Dkt. #245 at p. 5; Dkt. #327 at p. 5). Defendants also object that the statements are conclusory (Dkt. #245 at p. 6; Dkt. #327 at p. 6). Relators assert that the statements are not inconsistent with Bullock's prior

deposition testimony, nor are they conclusory because Bullock references the specific nature of the practices he observed (Dkt. #368 at pp. 7-9).

Federal Rule of Civil Procedure 56(e) requires declaration to (1) be made on personal knowledge; (2) set forth facts that would be admissible in evidence; and (3) show affirmatively that the affiant is competent to testify to the matters stated in the declaration. FED. R. CIV. P. 56(c)(4). Affidavits asserting personal knowledge must include enough factual support to show that the declarant possesses that knowledge. *Amie v. El Paso Ind. Sch. Dist.*, 253 F. App'x 447, 451 (5th Cir. 2007) (citing *El Deeb v. Univ. of Minn.*, 60 F.3d 423, 428 (8th Cir. 1995)). Conclusory declarations cannot create fact issues to defeat a summary judgment. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009); *see also Amie*, 253 F. App'x at 451 (summary assertions or conclusory allegations in a declaration are simply not enough proof to raise a genuine issue of material fact). "[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)); *see Hugh Symons Grp. v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002).

Further, in the Fifth Circuit, courts do not allow a party to defeat a motion for summary judgment by using a sworn statement that impeaches, without explanation, sworn testimony. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996); *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 228 (5th Cir. 1984) (party opposing a motion for summary judgment may not attempt to create sham fact issues to defeat the motion through the submission of affidavits that conflict with earlier, sworn statements). The Court may strike an affidavit that is inconsistent with prior deposition testimony where the affiant does not account for the

inconsistency. *See Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 482 (5th Cir. 2002).

Defendants object that the above-referenced statements are inconsistent with Bullock's previous deposition testimony given in this case (Dkt. #245 at p. 5; Dkt. #327 at p. 5). Defendants assert that the statements are conclusory because "Bullock makes no effort to explain the inconsistency between his deposition testimony and his declaration." (Dkt. #245 at p. 6; Dkt. #327 at p. 6). After reviewing Bullock's deposition transcript, the Court finds that the statements do not contradict prior deposition testimony (*See* Dkt. #368, Exhibit C). The Court finds that the statements are also not conclusory because unlike the affiant in *Galindo*, Bullock references the specific nature of the practices he observed. Bullock's affidavit states the practices that he observed during his time with Defendants' companies. Therefore, the Court will overrule Defendants objections to the Bullock deposition.

**Exhibit FF—Declaration of Victor O'Laughlen**

Defendants object the expert declaration of Victor O'Laughlen ("O'Laughlen"), and specifically the following statements:

> (i) the practice of "fail[ing] to reduce the borrower's principal balance for the principal portion of any mortgage payment made by the borrower…would violate at least the Dodd-Frank's prohibition on unfair, deceptive, and abusive practices" and "would constitute an egregious fraud," (ii) "Ocwen's servicing practices [as described in other documents] would violate numerous requirements of the Making Home Affordable program," (iii) "Ocwen's admitted violations of foreclosure practices would also violate the Real Estate Procedures Act," and (iv) "[t]he practice of adding projected late fees to the principal balance of modified loans, would violate at least Dodd-Frank's prohibition on unfair, deceptive, or abuse practices in mortgage servicing[.]"

(Dkt. #245 at p. 6; Dkt. #327 at p. 6) (citing Dkt. #228, Exhibit FF at ¶¶ 4-7, Dkt. #298, Exhibit FF at ¶¶ 4-7). Defendants assert that the statements are not admissible because they are conclusory (Dkt. #245 at p. 6; Dkt. #327 at p. 6). Relators asserts that the statements are

14

admissible because they are not conclusory as O'Laughlen details his experience with Freddie Mac as Vice-President of the HAMP Compliance Division, his knowledge of the Defendants practices and systems, and reliance on the New York Consent Order (Dkt. #368 at pp. 10-11).

"With respect to expert testimony offered in the summary judgment context, the trial court has broad discretion to rule on the admissibility of the expert's evidence and its ruling must be sustained unless manifestly erroneous." *Boyd v. State Farm Ins. Co.*, 158 F.3d 326, 331 (5th Cir. 1998) (citing *Christophersen v. Allied-Signal Co.*, 939 F.2d 1106, 1109 (5th Cir. 1991) (en banc)). "For the purposes of summary judgment under [Federal Rule of Civil Procedure] 56(e), an expert affidavit must include materials on which the expert based his opinion, as well as an indication of the reasoning process underlying the opinion." *Id.*

The Court finds that the O'Laughlen affidavit should be stricken for purposes of the summary judgment motion. O'Laughlen does state his experience within Freddie Mac as Vice-President of the HAMP Compliance Division, his knowledge of Defendants' practices and systems, and his reliance on the New York Consent Order and the Compliance Reports (*See* Dkt. #228, Exhibit FF at ¶ 2; *see also* Dkt. #298, Exhibit FF at ¶ 2). However, the Court finds that O'Laughlen does not describe the factual basis for his conclusion, and therefore, his opinion is conclusory. *See Boyd*, 158 F.3d at 331. Therefore, the Court finds that the O'Laughlen affidavit should be stricken for purposes of the summary judgment motion.[2] The Court sustains Defendants objections as to the O'Laughlen expert affidavit, and the affidavit is stricken from the summary judgment record.

---

[2] The parties argue that the cases *Snap-Drape, Inc. Comm'r of Internal Revenue*, 98 F.3d 194, 198 (5th Cir. 1996) and *Rolls-Royce Corp. v. Heros, Inc.*, No. 3:07-cv-0739-D, 2010 WL 184313, at *7 (N.D. Tex. Jan. 14, 2010) are applicable in the present case. However, the Court finds that the parties are arguing over the admissibility of summary judgment evidence, and Defendants are not contesting the qualifications of O'Laughlen as Realtors' expert witness. Therefore, the Court finds that the cases are not applicable to its determination of the admissibility of his expert affidavit.

**Exhibits II, JJ, KK—30(b)(6) Depositions of Megan Farrell-Smith and Jim Davis**

Defendants object to any attempt by Relators to bind Defendants to the testimony of Megan Farrell-Smith ("Farrell-Smith") and Jim Davis ("Davis") that went beyond the scope of the topics included in the 30(b)(6) deposition notices (Dkt. #245 at p. 7; Dkt. #327 at p. 7). Relators assert that Defendants are bound to the testimony of their corporate representatives because the testimony was within the scope of the topics detailed within the 30(b)(6) deposition notices (Dkt. #368 at p. 12).

Federal Rule of Civil Procedure 30(b)(6) requires that a notice or subpoena for deposition,, "describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6). "In response, the organization must designate an agent or other person to testify on its behalf." *Function Media, L.L.C. v. Google, Inc.*, No. 2:07-CV-279-CE, 2010 WL 276093, at *1 (E.D. Tex. Jan. 15, 2010) (citing FED. R. CIV. P. 30(b)(6)). "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which the designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)). However, "[q]uestions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation…." *Falchenberg v. N.Y. State Dep't of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008); *see also Detoy v. City and Cty. of S.F.*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); *King v. Pratt & Whitney, a Div. of United Techs., Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), *aff'd sub nom.*, *King v. Pratt & Whitney*, 213 F.3d 646 (11th Cir. 2000).

The Court finds that the questions about New York Consent Order and the MDLLR findings were within the scope of the 30(b)(6) topics. In Relators' Third Notice of Rule 30(b)(6)

Deposition of Defendant Ocwen, Relators included as a topic, "[l]awsuits, investigations or settlement agreements involving OFC and/or OLS and relating to the allegations in Relators' current complaint." (Dkt. #329, Exhibit A). Additionally in Relators' Third Notice of Rule 30(b)(6) Deposition of Defendant Homeward, Relators included as a topic, "lawsuits, investigations, or settlement agreements involving Homeward and relating to the allegations in Relators' current complaint." (Dkt. #329, Exhibit C). The Court finds that Relators questions regarding the New York Consent Order and the MDLLR fall within the scope of the noticed topics, and thus, bind the corporation to the deponent's answers. Defendants' objections as to the deposition testimony of Farrell-Smith and Davis are overruled.

*Realtors' Motion for Partial Summary Judgment (Dkt. #228; Dkt. #298)*

Relators seek partial summary judgment as to the falsity of the following matter: (1) OFC's representations, warranties, covenants, and certifications on April 16, 2009; (2) OLS's representations, warranties, covenants, and certifications on September 9, 2010, September 29, 2010, September 22, 2011, September 19, 2012, September 19, 2013, and September 25, 2014; and (3) Homeward's representations, warranties, covenants, and certifications on July 10, 2009, February 1, 2010, and February 1, 2012 (Dkt. #228 at p. 2; Dkt. #298 at p. 2). Defendants assert that the motion should be denied because Relators have failed to conclusively establish that (1) the Companies actually violated any law, and (2) any alleged violation was material (Dkt. #247 at p. 1; Dkt. #329 at p. 1).

After a careful review of the record and the arguments presented, the Court is not convinced that Relators have met their burden demonstrating that there is no material issue of fact entitling it to judgment as a matter of law. The case should proceed to trial.

**CONCLUSION**

It is therefore **ORDERED** that Relators Michael J. Fisher and Brian Bullock's Motion for Partial Summary Judgment (Dkt. #228 *in 4:12-cv-461*; Dkt. #298 *in 4:12-cv-543*) is hereby **DENIED**.

It is further **ORDERED** that Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, and Homeward Residential, Inc.'s Objections and Motion to Strike Certain Exhibits Attached to Relators' December 29, 2015 Motion for Partial Summary Judgment (Dkt. #245 *in 4:12-cv-461*; and Dkt. #327 *in 4:12-cv-543*) is hereby **GRANTED IN PART AND DENIED IN PART**.

**SIGNED** this 24th day of May, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE