# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Ex rel.,* Michael J. Fisher, and Michael Fisher | § | |
| Individually, and Brian Bullock, and Brian | § | |
| Bullock, Individually | § | |
| | § | CIVIL ACTION NO 4:12-CV-543 |
| v. | § | Judge Mazzant |
| | § | |
| OCWEN LOAN SERVICING, LLC and | § | |
| OCWEN FINANCIAL CORPORATION | § | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Ex rel.,* Michael J. Fisher, and Michael Fisher | § | |
| Individually, and Brian Bullock, and Brian | § | |
| Bullock, Individually | § | |
| | § | CIVIL ACTION NO 4:12-CV-461 |
| v. | § | Judge Mazzant |
| | § | |
| HOMEWARD RESIDENTIAL, INC. f/k/a | § | |
| AMERICAN HOME MORTGAGE | § | |
| SERVICING, INC. and OCWEN | § | |
| FINANCIAL CORPORATION | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Relators Michael J. Fisher and Brian Bullock's Motion for Summary Judgment on Affirmative Defenses (Dkt. #224 *in 4:12-cv-461*, Dkt. #291 *in 4:12-cv-543*). After reviewing the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

*The Homeward Action (the 4:12-cv-461 Action)*

On July 25, 2012, Relator Michael J. Fisher ("Fisher" or "Relator") filed his original complaint under seal (Dkt. #1 *in 4:12-cv-461*). In his original complaint, Fisher alleged that Homeward Residential, Inc. ("Homeward") did not provide disclosures required by the Truth in

Lending Act ("TILA") and Regulation Z with any of its Home Affordable Modification Program ("HAMP") or non-HAMP modifications (Dkt. #1 *in 4:12-cv-461*).

On June 4, 2014, the Court ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #27 *in 4:12-cv-461*). On October 16, 2014, Relators filed *Qui Tam* Relators' First Amended Complaint (Dkt. #39 *in 4:12-cv-461*). The First Amended Complaint incorporated new allegations including: (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #39 *in 4:12-cv-461*). It also added a new relator, Brian Bullock ("Bullock" or "Relator") (Dkt. #39 *in 4:12-cv-461*).

On March 3, 2015, Relators filed their second amended complaint (Dkt. #101 *in 4:12-cv-461*). The second amended complaint added a new defendant, Ocwen Financial Corporation ("OFC") (Dkt. #101 *in 4:12-cv-461*). On August 3, 2015, Homeward filed its Answer to the Second Amended Complaint (Dkt. #158 *in 4:12-cv-461*). Homeward pleaded the following affirmative defenses: (1) failure to state a claim upon which relief may be granted; (2) failure to plead fraud with particularity; (3) lack of standing; (4) lack of subject matter jurisdiction under the FCA's public disclosure bar; (5) dismissal of all or some of Relator's claims under the FCA's public disclosure bar; (6) all of some of Relators' claims are barred by the statute of limitations; (7) all or some of the claims asserted by Relators' are barred by *res judicata* and/or collateral estoppel; (8) all or some of Relators' claims are barred by equitable estoppel; (9) all or some of Relators' claims are barred by prior settlements and/or releases; (10) Relators' claims are barred by the doctrine of unclean hands; (11) Relators' claims for damages are barred by the fact that the United States has suffered no actual injury; (12) the damages requested are unconstitutional

under the Fifth, Sixth, Eight, and Fourteenth amendments; (13) Homeward reserves its right to seek attorneys' fees and expenses; (14) Relators' claims fail because the alleged facts were known to the government; (15) Relators' claims fail because they cannot show that the government detrimentally relied on the Certifications; (16) Relators' claims fail because the alleged false statements were not material to the government's decision to pay HAMP incentives; (17) Relators' claims are equitably estopped because the government continued to pay incentives; and (18) Relators' claims for damages against Homeward are inequitable unjust, or improper (Dkt. #158 at pp. 32-35 *in 4:12-cv-461*).  On December 8, 2015, OFC filed its answer (Dkt. #215 *in 4:12-cv-461*).  OFC included the majority of the same defenses as Homeward, but included the following additional affirmative defenses:  (1) the Court lacks subject matter jurisdiction because the second amended complaint's "successor liability" claim against OFC fails to state an actual controversy; (2) the second amended complaint does not state a cause of action against OFC for "successor liability" because it fails to state a cause of action against Homeward; and (3) to the extent that Homeward has asserted any defense that results in the dismissal of any underlying claim, the same claim should be dismissed against OFC (Dkt. #215 at pp. 39-42 *in 4:12-cv-461*).[1]

On December 22, 2015, Relators filed their Motion for Summary Judgment on Defendants' Affirmative Defenses (Dkt. #224 *in 4:12-cv-461*).  On January 25, 2016, Defendants filed their response (Dkt. #248 *in 4:12-cv-461*).  On February 3, 2016, Relators filed their reply (Dkt. #275 *in 4:12-cv-461*).  On February 12, 2016, Defendants filed their sur-reply (Dkt. #282 *in 4:12-cv-461*).

---

[1] Upon the Court's review of OFC's Answer to the Second Amended Complaint, the Court found the only affirmative defense that OFC did not include from Homeward's answer was that "all or some of Relators' claims are barred by prior settlements and/or releases."

*The Ocwen Action (the 4:12-cv-543 Action)*

On August 20, 2012, Fisher filed his original complaint under seal (Dkt. #1 *in 4:12-cv-543*).  In his original complaint, Fisher claimed that Ocwen Loan Servicing LLC's ("OLS") HAMP modifications violated TILA because OLS did not provide a TILA notice of rescission in connection with its loan modifications.  (*See* Dkt. #1 *in 4:12-cv-543*).

On April 7, 2014, United States Magistrate Judge Don Bush ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #19 *in 4:12-cv-543*).  On August 1, 2014, Relator filed his amended complaint (Dkt. #23 *in 4:12-cv-543*).  On August 6, 2014, Relator filed his second amended complaint (Dkt. #29 *in 4:12-cv-543*).

On November 13, 2014, Relators filed their third amended complaint (Dkt. #59 *in 4:12-cv-543*).  The third amended complaint incorporated allegations including:  (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #59 *in 4:12-cv-543*).  It also added Bullock as a new relator (Dkt. #59 *in 4:12-cv-543*).

On April 17, 2015, Relators filed their fourth amended complaint (Dkt. #126 *in 4:12-cv-543*).  This complaint added OFC as a defendant, and alleged that OFC made false representations to the government, which induced the government to enter the SPA (*See* Dkt. #126 *in 4:12-cv-543*).  The fourth amended complaint also claimed that OFC is the parent company of OLS (Dkt. #126 *in 4:12-cv-543*).  On August 3, 2015, OLS filed its Answer to the Fourth Amended Complaint (Dkt. #220 *in 4:12-cv-543*).  OLS pleaded the following affirmative defenses:  (1) failure to state a claim upon which relief may be granted; (2) failure to plead fraud

with particularity; (3) lack of standing; (4) lack of subject matter jurisdiction under the FCA's public disclosure bar; (5) dismissal of all or some of Relator's claims under the FCA's public disclosure bar; (6) all of some of Relators' claims are barred by the statute of limitations; (7) all or some of the claims asserted by Relators' are barred by *res judicata*, collateral estoppel, or equitable estoppel; (8) all or some of Relators' claims are barred by prior settlements and/or releases; (9) Relators' claims are barred by the doctrine of unclean hands; (10) Relators' claims for damages are barred by the fact that the United States has suffered no actual injury; (11) the damages requested are unconstitutional under the Fifth, Sixth, Eight, and Fourteenth amendments; (12) Relators' claims fail because the alleged facts were known to the government; (13) Relators' claims fail because they cannot show that the government detrimentally relied on the Certifications; (14) Relators' claims fail because the alleged false statements were not material to the government's decision to pay HAMP incentives; (15) Relators' claims are equitably estopped because the government continued to pay incentives; and (16) Relators' claims for damages against OLS are inequitable unjust, or improper (Dkt. #220 at pp. 45-47 *in 4:12-cv-543*). On December 11, 2015, OFC filed its answer (Dkt. #284 *in 4:12-cv-543*). OFC included the majority of the same defenses as OLS, but included the following additional affirmative defenses: (1) OFC reserves its right to seek its attorneys' fees and expenses; (2) the Court lacks subject matter jurisdiction because the fourth amended complaint's "successor liability" claim against OFC fails to state an actual controversy; (3) the second amended complaint does not state a cause of action against OFC for "successor liability" because it fails to state a cause of action against OLS; and (4) to the extent that OLS has asserted any defense that results in the dismissal of any underlying claim, the same claim should be dismissed against OFC (Dkt. #284 at pp. 49-52 *in 4:12-cv-543*).[2]

---

[2] Upon the Court's review of OFC's Answer to the Fourth Amended Complaint, the Court found the only

On December 22, 2015, Relators filed their Motion for Summary Judgment on Defendants' Affirmative Defenses (Dkt. #291 *in 4:12-cv-543*). On January 25, 2016, Defendants filed their response (Dkt. #330 *in 4:12-cv-543*). On February 3, 2016, Relators filed their reply (Dkt. #362 *in 4:12-cv-543*). On February 12, 2016, Defendants filed their sur-reply (Dkt. #374 *in 4:12-cv-543*).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its

---

affirmative defense that OFC did not include from OLS's answer was that "all or some of Relators' claims are barred by prior settlements and/or releases."

burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Relators move for summary judgment on several of Defendants' affirmative defenses (Dkt. #224 at p. 1; Dkt. #291 at p. 1). Specifically, Relators move for summary judgment on the following affirmative defenses: (1) failure to state a claim upon which relief may be granted; (2) failure to plead fraud with particularity; (3) lack of standing; (4) barred by the public disclosure bar; (5) barred by the statute of limitations; (6) barred by res judicata, collateral estoppel, and equitable estoppel; (7) barred by prior settlements and releases; (8) barred by the doctrine of unclean hands; (9) barred since the Government suffered no actual injury; (10) damages are barred as they are unconstitutional in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution; (11) barred because the facts were known by the

Government; (12) barred because the Government did not rely on the false statements; (13) barred because the false statements were not material to the Government's decision; (14) claims for damages are inequitable, unjust or improper; and (15) claims against OFC fail to state an actual controversy (Dkt. #224 at pp. 1-2; Dkt. #291 at pp. 1-2).

"An affirmative defense is subject to the same pleading requirements as the complaint." *United States ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 509 (S.D. Tex. 2015) (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). "Thus, a defendant must plead an affirmative defense with 'enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced.'" *Id.* (internal quotations omitted). "A plaintiff is deemed to have fair notice when the defense is sufficiently described so that the plaintiff is not a victim of unfair surprise." *Id.* at 509-10 (citing *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)). The pleading standard is not strenuous, and in some cases, "merely pleading the name of the affirmative defense will suffice." *Id.* at 510 (citing *Woodfield*, 193 F.3d at 362).

Although some courts rule that a Rule 12(f) motion to strike is the proper procedure to strike an affirmative defense, other courts allow partial summary judgment, "as it 'enable[s] the district court to enter an order indicating that the defense is no longer in controversy' and is not limited to the pleadings like a motion to strike." *Id.* at 510 (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004); 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2737 (3d. ed. 2004)).

**Failure to State a Claim Upon Which Relief Can Be Granted**

Relators request that the Court grant summary judgment as to Defendants' affirmative defense that Relators failed to state a claim or cause of action upon which relief may be granted (Dkt. #224 at pp. 3-4; Dkt. #291 at pp. 3-4). The Court has already reviewed and denied

Ocwen's Motion to Dismiss under Rule 12(b)(6) and OFC's Motion to Dismiss under Rule 12(b)(6), and determined that Relators had stated a claim upon which relief may be granted (Dkt. #181; Dkt. #262). Additionally, the Court has already reviewed and denied Homeward's Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6) and Homeward's Rule 12(b)(6) and Rule 9(b) Motion to Dismiss (Dkt. #117; Dkt. #118; Dkt. #169). Defendants agree that "[t]his Court has already rejected [Defendants'] motions to dismiss under Rule 9(b) and 12(b)(6), so there is no reason for summary judgment." (Dkt. #248 at p. 15 n. 30; Dkt. #330 at p. 15 n. 30). Therefore, the Court finds that Relators' request as to Defendants' affirmative defense of failure to state a claim upon which relief should be granted.

**Failure to Plead Fraud with Particularity**

Relators assert that the Court should grant summary judgment as to Defendants' affirmative defense that Relators failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) as an affirmative defense. (Dkt. #224 at p. 4; Dkt. #291 at p. 4). The Court has already reviewed and denied Ocwen's Rule 9(b) Motion to Dismiss and OFC's Motion to Dismiss Under Rules 8, 9(b), and 12(b)(6) (Dkt. #181; Dkt. #262). Additionally, the Court has already reviewed and denied Homeward's Rule 12(b)(6) and Rule 9(b) Motion to Dismiss (Dkt. #117). Defendants agree that "[t]his Court has already rejected [Defendants'] motions to dismiss under Rule 9(b) and 12(b)(6), so there is no reason for summary judgment." (Dkt. #248 at p. 15 n. 30; Dkt. #330 at p. 15 n. 30). Therefore, the Court finds that Realtors' request for summary judgment as to Defendants' affirmative defense for failure to plead fraud with particularity should be granted.

**Lack of Standing**

Relators contend that the Court should grant summary judgment as to Defendants'

affirmative defense that Relators lack standing to bring some or all of their claims as an affirmative defense (Dkt. #224 at p. 5; Dkt. #291 at p. 5. Relators assert that the Court should grant summary judgment against Defendants' because Relators have standing as a matter of law (Dkt. #224 at p. 5; Dkt. #291 at p. 5). Defendants assert that Relators have "offered no evidence to support standing." (Dkt. #248 at p. 11; Dkt. #330 at p. 11). The Fifth Circuit has stated that a *qui tam* relator has standing to sue under the FCA. *See United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 20 F. Supp. 2d 1017, 1046 (5th Cir. 1998). Therefore, the Court finds that Relators' request as to Defendants' affirmative defense of lack of standing should be granted.[3]

**Public Disclosure Bar**

Defendants assert two affirmative defenses involving the public disclosure bar: (1) that the Court lacks subject matter jurisdiction over some or all of Relators' claims under the public disclosure bar and (2) that Relators' claims are barred in whole or in part due to the public disclosure bar. Relators argue that the Court should grant summary judgment because "[t]he Court…has already specifically resolved this issue in favor of Relators." (Dkt. #224 at p. 5; Dkt. #291 at p. 5).[4]

The Court agrees with Relators that it has already determined that Relators' claims are not barred by the public disclosure bar in relation to the CFPB complaint, the New York Consent Order, and various media reports (*See* Dkt. #120 at pp. 5-10; Dkt. #184 at pp. 15-19). However,

---

[3] The Court finds that Defendants also argue that Relators lack standing because they are not "original sources" of their claims. However, the Court has also determined that Relators are original sources, and thus, will not consider Defendants' argument (Dkt. #120; Dkt. #184).

[4] In their response, Defendants argue that "[t]he Court should not only deny Relators' summary judgment motion as to the public-disclosure bar, it should grant judgment to [Defendants]." (Dkt. #248 at p. 2; Dkt. #330 at p. 2). The Court will not consider Defendants' request for summary judgment as it does not comply with the Local Rules. *See* L.R. CV-7 ("Each pleading, motion or response to a motion must be filed as a separate document, except for motions for alternative relief…"). The Court finds that Defendants' request was not appropriately filed under the Local Rules, and therefore, the Court will not consider it.

Defendants assert that "the allegations in Relators' 2014 amended complaint were based not only on facts disclosed in the CFPB complaint, but also on numerous other qualifying public disclosures not previously presented." (Dkt. #248 at p. 4; Dkt. #330 at p. 4). Because the Court has previously addressed the facts disclosed in the CFPB complaint, it will not address those claims as they were decided within the Court's Order regarding Defendants' 12(b)(1) motion to dismiss. However, the Court will address Defendants' allegation that Relators' claims are based on numerous public disclosures that the Court has not yet addressed.[5]

The Fifth Circuit has adopted a three-part test for analyzing whether a court has subject matter jurisdiction under the public disclosure bar: "(1) whether there has been a 'public disclosure' of allegations or transactions, (2) whether the qui tam action is 'based upon' such publicly disclosed allegations, and (3) if so, whether the relators is the 'original source' of the information." *United States ex rel. Colquitt v. Abbott Labs.*, 864 F. Supp. 2d 499, 517 (N.D. Tex. 2012) (quoting *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 173-74 (5th Cir. 2004)). The Court is not required to rigidly follow the three steps. *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 327 (5th Cir. 2011); *see United States ex rel. Fried v. W. Indep. Sch. Dist.*, 527 F.3d 439, 442 (5th Cir. 2008). "[C]ombining the first two steps can be useful, because it allows the scope of the relators' action in step two to define the 'allegations or transactions' that must be publicly disclosed in step one." *Jamison*, 649 F.3d at 327.

When determining if an action is barred by the public disclosure provision, the defendant bears the burden to point to documents or transactions on which the relator's complaint is based. *See id.* "[O]nce the opposing party has identified public documents that could plausibly contain

---

[5] The public disclosure bar is jurisdictional bar. The Court must always "examine the basis of subject matter jurisdiction." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Therefore, the Court will address Defendants' arguments regarding the public disclosure bar.

allegations or transactions upon which the relator's action is based, the relator bears the burden of demonstrating that they do not." *Id.*

The first element of the public disclosure bar is whether there has been a public disclosure of allegations or transactions. *See Colquitt*, 864 F. Supp. 2d at 517. "[T]he key for determining whether allegations or transactions have been publicly disclosed is whether 'the critical elements of the fraudulent transaction were in the public domain.'" *Colquitt*, 864 F. Supp. 2d at 519 (quoting *United States ex rel. Heath v. Dall./Fort Worth Int'l Airport Bd.*, No. 3:99-cv-100-M, 2004 WL 1197483, at *5 (N.D. Tex. May 28, 2004) (quoting *United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 654 (D.C. Cir. 1994)). "The critical elements have been sufficiently disclosed if the disclosures, taken together, would enable the government to draw an inference of fraud." *Id.*

The second element of the jurisdiction bar is whether the relator's case is "based upon the public disclosure of allegations or transactions." *Colquitt*, 864 F. Supp. 2d at 523 (citing 31 U.S.C. § 3730). This requirement is satisfied when the relator's suit is supported by the publicly disclosed allegations or transactions; therefore, the suit need not be actually derived from the earlier public disclosure itself. *Id.* "An FCA qui tam action even partly based upon publicly disclosed allegations or transactions is nonetheless 'based upon' such allegations or transactions." *Reagan*, 384 F.3d at 176 (*Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 451 (5th Cir. 1995)).

Defendants assert that the present case is "based upon" public disclosures, and therefore, the Court lacks jurisdiction (Dkt. #248 at p. 5; Dkt. #330 at p. 5). Relators assert that their allegations "are not based upon the alleged public disclosures, and the newly alleged public disclosures do not set forth each essential element of Relators' causes of action." (Dkt. #275 at

p. 2; Dkt. #362 at p. 2).  Relators also assert that "Defendants [do] not cite any overlapping language for numerous distinct violations."  (Dkt. #275 at p. 2; Dkt. #362 at p. 2).  However, the Fifth Circuit has stated that "[a]n FCA qui tam action even partly based upon publicly disclosed allegations or transactions is nonetheless 'based upon' such allegations or transactions."  *Reagan*, 384 F.3d at 176; *see Fed. Recovery Servs., Inc.*, 72 F.3d at 451.  After reviewing the disclosures submitted by Defendants, the Court finds that it is likely that the publicly disclosed information was "sufficient to set the government on the trial of the fraud."  *Jamison*, 649 F.3d at 329.  The Court finds that Relators' suit is based upon the public disclosures, and thus, will be barred unless Relators qualify as original sources.

When a FCA qui tam action is based on publicly disclosed allegations or transactions, "the court does not have jurisdiction unless the relator is 'an original source of the information.'" *Colquitt*, 864 F. Supp. 2d at 524 (citing 31 U.S.C. § 3730(e)(4)(A)).  An original source is:

> an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

31 U.S.C. § 3730(e)(4)(B).

A relator's "direct and independent knowledge" is based upon the information on which the allegations in the complaint are based, not the information on which the publicly disclosed allegations are based.  *Colquitt*, 864 F. Supp. 2d at 524.  To be "'direct,' the information must be firsthand knowledge."  *Id.* (quoting *Fried*, 527 F.3d at 442-43).  "In order to be 'independent,' the information known by the relator cannot depend or rely on the public disclosures."  *Id.* Therefore, a relator need not be the original source of every element of his claim, but he must do more than apply his knowledge, experience, or investigation to publicly disclosed information.

*See id.* at 525.

The Court finds that Relators are original sources of the claims and allegations asserted against Defendants in the present action. The information from which Relators' claims are derived is based upon their independent observations from either their employment within the Defendant companies or from helping individuals obtain home loan modifications from Defendants. Both Relators had direct, first-hand knowledge regarding Defendants' alleged violations given their direct involvement in the home loan modification process. Unlike the relator in *Jamison*, Relators' complaints do not list a large group of possible defendants. Relators' complaints reference the actions of Homeward, OLS, and OFC (*See* Dkt. #101; Dkt. #126); *see also Jamison*, 649 F.3d at 332. Additionally,

> [t]he Fifth Circuit, in describing cases where a relator's knowledge is direct, cited as an example a case in which a "nurse association [was found to have] had 'direct' knowledge that anesthesiologists routinely submitted fraudulent bills to Medicare…because the nurses had personal knowledge of the defendants' false claims by virtue of communications with the defendants themselves and had seen the hospital records containing false claims."

*Colquitt*, 864 F. Supp. 2d at 526-27 (quoting *United ex rel. Laird v. Lockheed Martin Eng'g & Sci. Servs. Co.*, 336 F.3d 346, 356 (5th Cir. 2003) (describing the holding in *Minn. Ass'n of Nurse Anethetists v. Allina Health Sys. Corp.*, 276 F.3d 1032, 1050 (8th Cir. 2002)).

Defendants assert that Relators do not constitute original sources because "neither of [the Relators] provided the government with information supporting their amended complaints until 2014. Relators thus cannot qualify as original sources as a matter of law." (Dkt. #246 at p. 10; Dkt. #330 at p. 10).[6] The Fifth Circuit has reserved ruling on the issue of whether a relator must disclose his information to the government before the alleged fraud is publicly disclosed, and

---

[6] After reviewing the case law presented by Defendants, the Court finds that Defendants are arguing that Relators provided their information to the Government after the public disclosure of the allegations and transactions of his claim. Therefore, the Court will address that argument.

other circuits have rejected this notion. *See Reagan*, 384 F.3d 178 n. 13; *United States ex re. Duxbury v. Ortho Biotech Prods., L.P.*, 579 F.3d 13, 28 (1st Cir. 2009)[7]; *Minn. Ass'n. of Nurse Anesthetists*, 276 F.3d at 1050.

Courts that have adopted the rule have relied on two primary justifications. "First, they have reasoned that requiring relators to report fraud before it is publicly disclosed, even where the relator learns of the fraud independently of the disclosure, incentivizes early reporting by the whistleblowers." *Colquitt*, 864 F. Supp. 2d at 527-28; *see United States ex rel. McKenzie v. BellSouth Telecomms., Inc.*, 123 F.3d 935, 942-43 (6th Cir. 1997); *United States ex rel. Findley v. FPC-Boron Emps.' Club*, 105 F.3d 675, 690-91 (D.C. Cir. 1997). "Second, they have found that the rule serves Congress's goal of preventing 'parasitic qui tam actions in which relators, rather than bringing to light independently discovered information of fraud, simply feed off of previous disclosures of government fraud.'" *Colquitt*, 864 F. Supp. 2d at 528 (quoting *McKenzie*, 123 F.3d at 943 (citations and internal quotation marks omitted)); *see Findley*, 105 F.3d at 690-91.

The First and Eight Circuits have rejected this approach, concluding it has no textual basis. *See Duxbury*, 579 F.3d at 28; *Minn. Ass'n of Nurse Anesthetists*, 276 F.3d at 1051. Those courts have noted that the only requirement of the original source element relates to when the suit was filed, not when the public disclosure was made. *Colquitt*, 864 F. Supp. 2d at 528. The courts have also rejected the rule because they argue that the first-to-file rule already provides an incentive for potential relators to report fraud early. *Colquitt*, 864 F. Supp. 2d at 528 (citing *Duxbury*, 579 F.3d at 24).

---

[7] In their response, Defendants cite *Duxbury* for the proposition that a relator does not qualify as an original source for the allegations added in an amended complaint and disclosed after the original complaint was filed; however, in *Duxbury*, the relator did not qualify as an original source because he did not bring any new legal causes of action against the defendant and simply added additional supporting facts to the legal causes of action previously made in the original complaint. In the present case, Relators brought new allegations in their amended complaints.

"The Fifth Circuit acknowledged the issue in *Reagan* but declined to decide it." *Colquitt*, 864 F. Supp. 2d at 528 (citing *Reagan*, 384 F.3d at 178 n. 13) ("Unlike a number of circuits, this court has yet to decide whether a party who independently and directly learns of information already publicly disclosed may qualify as an independent source…[W]e need not decide this question here."). In *Colquitt*, the district court analyzed the Fifth Circuit's decision in *Federal Recovery Services*, and suggested the case demonstrated that the approach adopted by the First and Eighth Circuits is the correct one. *See Colquitt*, 864 F. Supp. 2d at 528-29; s*ee also Fed. Recovery Servs., Inc. v. Crescent City E.M.S.*, 72 F.3d 447, 452 (5th Cir. 1995). In that case, after the court determined that the "relator's suit was barred by the public disclosure bar, the court turned to the relator's alternative argument that the intervention of the United States in the action cured any jurisdiction defect." *Colquitt*, 864 F. Supp. 2d at 528-29 (citing *Fed. Recovery Servs., Inc.*, 72 F.3d at 452). "The relator based her argument on a section of the FCA that limits the amount of the relator's recovery in cases where the government has intervened and where 'the court [finds] the action to be based primarily on [public disclosures].'" *Id.* at 529 (citing 31 U.S.C. § 3730(d)(1)); *see Fed. Recovery Servs., Inc.*, 72 F.3d at 452. "According to the relator, that provision would be rendered meaningless unless the government's intervention provided an exception to the public disclosure bar." *Id.* (citing *Fed. Recovery Servs., Inc.*, 72 F.3d at 452).

The Fifth Circuit disagreed, and in doing so, analyzed the legislative history and purpose of that provision:

> The legislative history discloses that Congress included that provision to provide for "the case *where the information has already been disclosed and the person qualifies as an 'original source'* but where the essential elements of the case were provided to the government or news media by someone other than the qui tam plaintiff." 132 Cong. Rec. H9389 (statement of Rep. Berman); *see also* 132 Cong. Rec. S11244 (statement of Sen. Grassley).

*Id.* (emphasis in original). Therefore, *Colquitt* states that the Fifth Circuit has suggested in

*Federal Recovery Services* that a relator may qualify as an original source even if he provides information to the government after the allegations have been publicly disclosed. Based on the foregoing, the Court finds that Relators are not prevented from being original sources of the information. Therefore, the Court finds that Relators' claims against Defendants are not barred by the public disclosure bar. Accordingly, the Court will grant summary judgment as to Defendants' affirmative defense under the public disclosure bar.[8]

**Statute of Limitations**

Relators assert that "Defendants have provided no evidence demonstrating that Relators' claims are barred by the statute of limitations." (Dkt. #224 at p. 7; Dkt. #291 at p. 7). The FCA addresses the statute of limitations, and states:

> A civil action under section 3730 may not be brought –
> (1) more than 6 years after the date on which the violation of section 3729 is committed, or
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violations is committed,
> whichever occurs last.

31 U.S.C. § 3731(b). "[T]he statute of limitations is an affirmative defense that 'places the burden of proof on the party pleading it.'" *Frame v. City of Arlington*, 657 F.3d 215, 239 (5th Cir. 2011) (quoting *F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004); *In re Hinsley*, 201 F.3d 638, 644-45 (5th Cir. 2000)).

In their response, Defendants assert that "the Companies do not intend to present at trial defenses based on (i) the statute of limitations…." (Dkt. #248 at p. 15 n. 30; Dkt. #330 at p. 15 n. 30). Additionally, Relators' complaints allege that violations began as early as April 2009, and

---

[8] Although the Court will grant summary judgment as to Relators' claims being barred under the public disclosure bar, if at any time jurisdiction become an issue, Defendants may re-urge the issue of jurisdiction with the Court at that time. *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

the present action was initiated in August 2014.  Therefore, the Court finds that Relators' request as to the statute of limitation should be granted.

**Res Judicata, Collateral Estoppel, or Equitable Estoppel**

Relators request that the Court grant summary judgment as to Defendants' affirmative defenses that Relators' claims are barred by res judicata, collateral estoppel, or equitable estoppel (Dkt. #224 at p. 8; Dkt. #291 at p. 8).  In their response, Defendants assert that "the Companies do not intend to present at trial defenses based on…(ii) the doctrines of res judicata, collateral estoppel, and equitable estoppel…." (Dkt. #248 at p. 15 n. 30; Dkt. #330 at p. 15 n. 30).  Because FCA claims are brought to recover wrongfully expended funds, the Supreme Court has stated that "claims for estoppel cannot be entertained where public money is a stake."  *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 427 (1990); *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 768 (N.D. Tex. 2003) (dismissing defendants' estoppel defense because fraudulent claims submitted to the United States Postal Office "impact the public fisc.").  Based on the foregoing, the Court finds that the principles of res judicata, collateral estoppel, and equitable estoppel do not bar Relators' claims.  The Court grants summary judgment as to Defendants' affirmative defense that Relators' claims are barred by res judicata, collateral estoppel, or equitable estoppel.

**Prior Settlements or Releases**

Relators request that the Court grant summary judgment as to Defendants' affirmative defenses that "Relators' claims are barred by prior settlements or releases."  (Dkt. #224 at p. 9; Dkt. #291 at p. 9).  On August 31, 2015, in its response to Relators' interrogatories, OLS and OFC stated that "based on its further investigation and discovery it does not contend that some or all of Relators' claims are barred by prior settlement and/or release and withdraws the Eighth

Defense in its Answer to the Fourth Amended Complaint." (Dkt. #224 at p. 9; Dkt. #291 at p. 9). Additionally, on August 31, 2015, in its response to Relators' interrogatories, Homeward and OFC stated that "based on its further investigation and discovery it does not contend that some or all of Relators' claim are barred by prior settlement and/or release, and it withdraws the Ninth Defense in its Answer to the Second Amended Complaint." (Dkt. #224 at p. 9; Dkt. #291 at p. 9). In their response, Defendants state that "the Companies do not intend to present at trial defenses based on…(iii) prior settlements or agreements…." (Dkt. #248 at p. 15 n. 30; Dkt. #330 at p. 15 n. 30). The Court finds that Defendants have voluntarily withdrawn their affirmative defense that Relators' claims are barred by prior settlements or releases, and therefore, Relators' motion for summary judgment as to Relators' claim being barred by prior settlements or releases should be denied as moot.

**Doctrine of Unclean Hands**

Relators request that the Court grant summary judgment as to Defendants' affirmative defense that "Relators' claims are barred due to unclean hands." (Dkt. #224 at p. 9; Dkt. #291 at p. 9). In their response, Defendants state that "the Companies do not intend to present at trial defenses based on…(iv) unclean hands." (Dkt. #248 at p. 15 n. 30; Dkt. #330 at p. 15 n. 30).

"Neither the False Claims Act itself nor the Fifth Circuit has directly resolved whether a defendant can rely on a relator's unclean hands to defend a False Claims Act suit." *Ruscher v. Omnicare Inc.*, No. 4:08-CV-3396, 2014 WL 5364152, at *2 (S.D. Tex. Oct. 21, 2014). "[T]he statute does provide that a prevailing relator's share of the proceeds may be reduced if she was a participant in the underlying wrongdoing." *Id.*; see 31 U.S.C. § 3730(d)(3). Therefore, "[t]his strongly suggests that a relator's unclean hands are not a bar to a defendant's liability, but only to the relator's eventual award." *Id.*; *see United States ex rel. Gale v. Omnicare, Inc.*, No. 1:10-

CV-127, 2013 WL 3822152, at *9 (N.D. Ohio July 23, 2013); *cf. Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev. (Las Vegas)*, 934 F.2d 209, 213 (9th Cir. 1991) ("The FCA is in no way intended to ameliorate the liability of wrongdoers by providing defendants with a remedy against a qui tam plaintiff with 'unclean hands.'").   Based on the foregoing, the Court finds that Relator's motion for summary judgment as to Relators' claim being barred by the doctrine of unclean hands is granted.

**Damages**

Relators request that the Court grant summary judgment as to Defendants' affirmative defense the "Relators' claims for damages are barred by the fact that the United States has suffered no actual injury."   (Dkt. #224 at p. 10; Dkt. #291 at p. 10).   Relators contend that "[a]ctual damages…are not a necessary element under the FCA."   (Dkt. #224 at p. 10; Dkt. #291 at p. 10); *see United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 189 (5th Cir. 2009) (holding it was incorrect to add damage element to FCA); *Thompson*, 20 F. Supp. 2d at 1017. However, Defendants assert that "Relators' claim for treble damages requires proof of "the amount of damages which the Government sustain[ed]."   (Dkt. #248 at p. 12; Dkt. #330 at p. 12) (quoting 31 U.S.C. § 3729(a)(1)(G)).   The Court finds that it is premature to grant summary judgment on this defense.   Accordingly, the motion for summary judgment with regard to Defendants' affirmative defense that the claims are barred because there is an absence of actual damages is denied.

Relators also request that the Court grant summary judgment as to two damages-related defenses—specifically, that a damage award in this case (i) may be unconstitutional, and (ii) may be inequitable to the extent that damages included incentive payments the Defendants passed on to borrowers and investors (Dkt. #224 at pp. 11, 14; Dkt. #291 at pp. 11, 14).   Defendants'

contend that "Relators' motion is premature, because a challenge to a potential damage award is 'not ripe' unless and until 'damages are awarded.'" (Dkt. #248 at pp. 14-15; Dkt. #330 at pp. 14-15) (quoting *Auster Oil & Gas, Inc. v. Stream*, 891 F.2d 570, 581 (5th Cir. 1990) (emphasis omitted)). The Court finds it is premature to grant summary judgment on this defense. Therefore, the motion for summary judgment regarding Defendants' affirmative defenses that (1) the damages are unconstitutional and (2) the damages are inequitable, unjust, or improper is denied.

**Government Knowledge**

Relators request that the Court grant summary judgment as to Defendants' affirmative defense that "Relator's claims should be dismissed because the government allegedly had knowledge of all facts relevant to Relators' allegations." (Dkt. #224 at p. 11; Dkt. #291 at p. 11). Relators assert that the government knowledge defense is not a true defense; and therefore, must be rejected as a matter of law (Dkt. #224 at pp. 11-12; Dkt. #330 at pp. 11-12). Defendants assert that Relators have the burden to prove scienter, and they have not satisfied their burden to prove scienter (Dkt. #248 at p. 12; Dkt. #330 at p. 12).

"The inaptly-named 'government knowledge defense'" is the principle "that under some circumstances, the government's knowledge of the falsity of a statement or claim can defeat FCA liability on the ground that the claimant did not act 'knowingly,' because the claimant knew that the government knew of the falsity of the statement and was willing to pay anyway." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 263 (5th Cir. 2014) (quoting *United States v. Southland Mgmt. Corp.*, 326 F.3d 669, 682 (5th Cir. 2003) (en banc)). "This defense is inaptly named because it is not a statutory defense to FCA liability but a means by which the defendant can rebut the government's assertion of the 'knowing' presentation of a false claim." *Id.*; *see*

*Williams v. C. Martin Co. Inc.*, No. 07-6592, 2014 WL 3385129, at *3 (E.D. La. July 10, 2014) ("[T]he government knowledge defense is not a complete defense to liability under the FCA."). Based on the foregoing, the Court finds that Relators' request for summary judgment as to Defendants' affirmative defense of government knowledge is denied.[9]

**Reliance on Defendants' False Statements**

Relators request that the Court grant summary judgment as to Defendants' affirmative defense that Relators' claims fail because they cannot show that the government detrimentally relied on Defendants' false statements (Dkt. #224 at p. 12). Relators argue that the affirmative defense should be stricken because "reliance is not an element to a claim under the False Claims Act." (Dkt. #224 at p. 12). The False Claims Act…lacks the elements of reliance and damages." *Kanneganti*, 565 F.3d at 189; *see also United States v. Hughes Aircraft Co.*, No. CV 89-6842-WJR(SX), 1991 WL 11693422, at *2 (C.D. Cal. Jan. 17, 1991) ("The government does not need to prove reliance in order to establish liability under the False Claims Act."). Therefore, the Court finds that Defendants should not be allowed to assert the affirmative defense of reliance as to liability under the False Claims Act, except as necessary to establish actual damages so as to be awarded treble damages. *See Hughes Aircraft Co.*, 1991 WL 11693422, at *2. Based on the foregoing, the Court finds that Relators' motion for summary judgment as to Defendants' affirmative defense of reliance should be granted.

**Materiality of False Statements to Government's Decision**

Relators request that the Court grant summary judgment as to Defendants' affirmative defense that "Relators' claims fail because the allegedly false statements were not material to the government's decision to pay HAMP incentives." (Dkt. #224 at p. 13; Dkt. #291 at p. 13).

---

[9] As previously stated in *Bollinger Shipyards, Inc.* and *Williams*, the Court finds only that this is not a complete defense to liability, but Defendants have the right to negate Relators' scienter evidence with evidence that the government had knowledge of the falsity of the statement or claim.

Relators argue (1) that materiality is not a required element for claims asserted under 31 U.S.C. § 3729(a)(1)(A), and (2) the Court has already determined this issue in its previous ruling on Ocwen's Rule 12(b)(1) Motion to Dismiss and Rule 56 Motion for Summary Judgment (Dkt. #224 at p. 13; Dkt. #291 at p. 13).

The Fifth Circuit has previously rejected Relators' first argument, explaining that "a false or fraudulent claim or statement violates the FCA only if it is material." *United States ex rel. Longhi v. United States*, 575 F.3d 458, 467 (5th Cir. 2009).[10]  Because Relators have failed to meet their burden to demonstrate that there is no material fact at issue, the Court finds that their motion for summary judgment as to Defendants' affirmative defense regarding the materiality of false statements to the Government's decision is denied.

**Relators' Claims Against OFC**

OFC pleaded three affirmative defenses regarding Relators' claims:  (1) the amended complaint's "successor liability" claim against OFC fails to state an actual controversy and the Court lacks subject-matter jurisdiction of the claims; (2) the amended complaint does not state a cause of action against OFC for "successor liability" because it does not state a cause of action against OLS or Homeward; (3) to the extent OLS or Homeward assert a defense against Relators' claims that require dismissal, the identical claims against OFC should be dismissed. (*See* Dkt. 215 at p. 42; Dkt. #284 at p. 51).  Relators assert that OFC's first two defenses are moot as (1) Relators properly added OFC as a defendant and (2) the Court denied OFC's Motion to Dismiss Under Rules 8, 9(b), and 12(b)(6) (Dkt. #275 at p. 4; Dkt. #362 at p. 4).

The Court finds that summary judgment should be denied as to Defendants' three affirmative defenses.  Relators are correct in asserting that the Court has already found that

---

[10] Relators assert that claims brought under 31 U.S.C. § 2729(a)(1)(A) do not require a showing of materiality. However, Relators fail to support their assertion with relevant case law.  The Court has been unable to find a case where the Fifth Circuit has stated that 31 U.S.C. § 2729(a)(1)(A) does not require a showing of materiality.

Relators have stated a claim against OFC. However, the case or controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate…The parties must continue to have 'a personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* Because Relators have failed to meet their burden to demonstrate that there is no material fact at issue, the Court finds that their motion for summary judgment as to Relators' claims against OFC is denied.

## CONCLUSION

It is therefore **ORDERED** that Relators Michael J. Fisher and Brian Bullock's Motion for Summary Judgment on Defendants' Affirmative Defenses (Dkt. #224 *in 4:12-cv-461*; Dkt. #291 *in 4:12-cv-543*) is hereby **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Defendants' affirmative defenses are **DISMISSED** with prejudice as to the following: (1) failure to state a claim upon which relief may be granted; (2) failure to plead fraud with particularity; (3) lack of standing; (4) barred by the public disclosure bar[11]; (5) barred by the statute of limitations; (6) barred by res judicata, collateral estoppel, and equitable estoppel; (7) barred by the doctrine of unclean hands; and (8) barred because the Government did not rely on the false statements.

---

[11] Although the Court will grant summary judgment as to Relators' claims being barred under the public disclosure bar, if at any time jurisdiction become an issue, Defendants may re-urge the issue of jurisdiction with the Court at that time. *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

**SIGNED this 25th day of May, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE