# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Ex rel.,* Michael J. Fisher, and Michael Fisher | § | |
| Individually, and Brian Bullock, and Brian | § | |
| Bullock, Individually | § | |
| | § | CIVIL ACTION NO 4:12-CV-543 |
| v. | § | Judge Mazzant |
| | § | |
| OCWEN LOAN SERVICING, LLC and | § | |
| OCWEN FINANCIAL CORPORATION | § | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Ex rel.,* Michael J. Fisher, and Michael Fisher | § | |
| Individually, and Brian Bullock, and Brian | § | |
| Bullock, Individually | § | |
| | § | CIVIL ACTION NO 4:12-CV-461 |
| v. | § | Judge Mazzant |
| | § | |
| HOMEWARD RESIDENTIAL, INC. f/k/a | § | |
| AMERICAN HOME MORTGAGE | § | |
| SERVICING, INC. and OCWEN | § | |
| FINANCIAL CORPORATION | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to (I) Reconsider January 22, 2016 Order Granting in Part Relators' Motion for Modification of Protective Order [*Ocwen* Dkt. No. 322; *Homeward* Dkt. No. 240] and (II) Modify Protective Order (Dkt. #254 *in 4:12-cv-461*; Dkt. #338 *in 4:12-cv-543*). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

*The Homeward Action (the 4:12-cv-461 Action)*

On July 25, 2012, Relator Michael J. Fisher ("Fisher" or "Relator") filed his original complaint under seal (Dkt. #1 *in 4:12-cv-461*). In his original complaint, Fisher alleged that

1

Homeward Residential, Inc. ("Homeward") did not provide disclosures required by the Truth in Lending Act ("TILA") and Regulation Z with any of its Home Affordable Modification Program ("HAMP") or non-HAMP modifications (Dkt. #1 *in 4:12-cv-461*).

On June 4, 2014, the Court ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #27 *in 4:12-cv-461*). On October 16, 2014, Relators filed *Qui Tam* Relators' First Amended Complaint (Dkt. #39 *in 4:12-cv-461*). The First Amended Complaint incorporated new allegations including: (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #39 *in 4:12-cv-461*). It also added a new relator, Brian Bullock ("Bullock" or "Relator") (Dkt. #39 *in 4:12-cv-461*).

On February 9, 2015, the parties filed their Joint Motion for Entry of Protective Order (Dkt. #96 *in 4:12-cv-461*). The Court granted the motion, and entered the Protective Order on February 9, 2015 (Dkt. #98 *in 4:12-cv-461*).

On March 3, 2015, Relators filed their second amended complaint (Dkt. #101 *in 4:12-cv-461*). The second amended complaint added a new defendant, Ocwen Financial Corporation ("OFC") (Dkt. #101 *in 4:12-cv-461*).

On November 23, 2015, Relators filed their Motion for Modification of Protective Order [ECF #98] to Allow Relators Access to Confidential Information (Dkt. #205; Dkt. #206 *in 4:12-cv-461*). On December 10, 2015, Defendants filed their response (Dkt. #216; Dkt. #217 *in 4:12-cv-461*). On December 18, 2015, Relators filed their reply (Dkt. #221 *in 4:12-cv-461*). On December 31, 2015, Defendants filed their sur-reply (Dkt. #231 *in 4:12-cv-461*). On January 22, 2016, the Court granted in part and denied in part Relators' motion (Dkt. #240 *in 4:12-cv-461*).

On January 26, 2016, Relators filed notice of their proposed modified protective order (Dkt. #249 *in 4:12-cv-461*). Also on January 26, 2016, Defendants filed their response to Relators' notice, in which they requested that the Court defer entering the modified protective order, while Defendants filed their motion to reconsider (Dkt. #251 *in 4:12-cv-461*).

On January 29, 2016, Defendants filed their Motion to (I) Reconsider January 22, 2016 Order Granting in Part Relators' Motion for Modification of Protective Order [*Ocwen* Dkt. No. 322; *Homeward* Dkt. No. 240] and (II) Modify Protective Order (Dkt. #254 *in 4:12-cv-461*). On February 16, 2016, Relators filed their response (Dkt. #285 *in 4:12-cv-461*). On February 29, 2016, Defendants filed their reply (Dkt. #290 *in 4:12-cv-461*). On March 14, 2016, Relators filed their sur-reply (Dkt. #294 *in 4:12-cv-461*).

*The Ocwen Action (the 4:12-cv-543 Action)*

On August 20, 2012, Fisher filed his original complaint under seal (Dkt. #1 *in 4:12-cv-543*). In his original complaint, Fisher claimed that Ocwen Loan Servicing LLC's ("OLS") HAMP modifications violated TILA because OLS did not provide a TILA notice of rescission in connection with its loan modifications. (*See* Dkt. #1 *in 4:12-cv-543*).

On April 7, 2014, United States Magistrate Judge Don Bush ordered that the complaint be unsealed and served upon Defendant, after the United States declined to intervene (Dkt. #19 *in 4:12-cv-543*). On August 1, 2014, Relator filed his amended complaint (Dkt. #23 *in 4:12-cv-543*). On August 6, 2014, Relator filed his second amended complaint (Dkt. #29 *in 4:12-cv-543*).

On November 13, 2014, Relators filed their third amended complaint (Dkt. #59 *in 4:12-cv-543*). The third amended complaint incorporated allegations including: (1) Federal Housing Administration ("FHA") violations, (2) Dodd-Frank Act violations, (3) Real Estate Settlement

3

Procedures Act ("RESPA") violations, and (4) Texas, New York, and Massachusetts state law violations (Dkt. #59 *in 4:12-cv-543*). It also added Bullock as a new relator (Dkt. #59 *in 4:12-cv-543*).

On February 9, 2015, the parties filed their Joint Motion for Entry of Protective Order (Dkt. #95 *in 4:12-cv-543*), which Judge Bush granted and entered on February 11, 2015 (Dkt. #98 *in 4:12-cv-543*).

On April 17, 2015, Relators filed their fourth amended complaint (Dkt. #126 *in 4:12-cv-543*). This complaint added OFC as a defendant, and alleged that OFC made false representations to the government, which induced the government to enter the SPA (*See* Dkt. #126 *in 4:12-cv-543*). The fourth amended complaint also claimed that OFC is the parent company of OLS (Dkt. #126 *in 4:12-cv-543*).

On November 20, Relators filed their Motion for Modification of Protective Order [ECF #98] to Allow Relators Access to Confidential Information (Dkt. #267 *in 4:12-cv543*). On December 10, 2015, Defendants filed their response (Dkt. #282; Dkt. #283 *in 4:12-cv-543*). On December 18, 2015, Relators filed their reply (Dkt. #288 *in 4:12-cv-543*). On December 31, 2015, Defendants filed their sur-reply (Dkt. #301 *in 4:12-cv-543*). On January 22, 2016, the Court granted in part and denied in part Relators' motion (Dkt. #322 *in 4:12-cv-543*).

On January 26, 2016, Relators filed notice of their proposed modified protective order (Dkt. #331 *in 4:12-cv-543*). Also on January 26, 2016, Defendants filed a response to Relators' notice, in which they requested that the Court defer entering Relators' modified protective order, while Defendants filed their motion to reconsider (Dkt. #333 *in 4:12-cv-543*).

On January 29, 2016, Defendants filed their Motion to (I) Reconsider January 22, 2016 Order Granting in Part Relators' Motion for Modification of Protective Order [*Ocwen* Dkt. No.

4

322; *Homeward* Dkt. No. 240] and (II) Modify the Protective Order (Dkt. #338 *in 4:12-cv-543*). On February 16, 2016, Relators filed their response (Dkt. #378 *in 4:12-cv-543*). On February 29, 2016, Defendants filed their reply (Dkt. #387 *in 4:12-cv-543*). On March 14, 2016, Relators filed their sur-reply (Dkt. #393 *in 4:12-cv-543*).

**LEGAL STANDARD**

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

"If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo*, 2012 WL 1867099, at *1; *see Shepherd*, 372 F.3d at 328 n. 1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. H-08-2931, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011)). Defendants filed their motion for reconsideration within 28 days of the order that granted in part and denied in part Relators' motion for a protective order; therefore, the motion will be considered a Rule 59(e) motion.

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468,

473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479). "The alternative, Federal Rule of Civil Procedure 60(b)(6) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: […] (6) any other reason that justifies relief." *Id.*

## ANALYSIS

Defendants assert that "[r]econsideration is warranted…because (i) new evidence of Relators' consistent efforts to mislead potential nonparty witnesses illustrates why Relators' limitations on nonparty contract are inadequate; and (ii) the Court overlooked Defendants' opposition to those inadequate limitations." (Dkt. #254 at p. 7; Dkt. #338 at p. 7). Relators assert that "[t]he Court did not deny any request Defendants made by motion, and there is no new evidence in this compelling an expansion of the third-party-contact portion of the Court's January 22, 2016 order." (Dkt. #285 at p. 1; Dkt. #378 at p. 1).

*Defendants' Contention of New Evidence Regarding Relators' Nonparty Contact*

First, Defendants assert that there is new "[e]vidence Defendants have uncovered since the briefing on Relators' motion was complete [that] reveals a pattern of Relators' misleading *ex parte* communications with Defendants' former employees." (Dkt. #254 at p. 8; Dkt. #338 at p. 8). Relators assert that both Fisher's remarks to Leigh Ann Chmielewski ("Chmielewski") and Relators' counsel remarks have not been misleading (*See* Dkt. #285; Dkt. #378). Furthermore, Relators assert that "[t]here is no evidence that Relators have committed any wrongdoing or any improper conduct meriting prior restraints on their lawful discovery conduct with witnesses…in

6

this action." (Dkt. #285 at p. 13; Dkt. #378 at p. 13).

The Court agrees with Relators. After reviewing the allegedly improper communications, the Court finds that Relators have not misrepresented their capacity within the case or had inappropriate contact with nonparties. For example, Defendants reference an email sent by Grant Schmidt ("Schmidt") (Dkt. #254, Exhibit D; Dkt. #338, Exhibit D). In the email, Schmidt writes the following:

> I am an attorney prosecuting a case *on behalf of the U.S. government* in an effort to recover taxpayer funds paid to Homeward and/or Ocwen to which Homeward and/or Ocwen was not entitled. We are seeking information from *former employees* about Homeward and Ocwen's loan servicing practices, and Jessica Herrera told us you are someone we should speak with. *To be clear—this lawsuit does not implicate you or any other particular employees.* Rather, it is about the company's failure to comply fully with federal and state laws.
>
> We would greatly appreciate the chance to speak with you *informally*.

(Dkt. #254, Exhibit D at p. 5; Dkt. #338, Exhibit D at p. 5) (emphasis added). The Court finds that Relators and their attorneys were not attempting to mislead current or former employees, but were instead attempting to explain their role in the qui tam action. Defendants also provide as evidence of Relators' "misleading" current employees of the Defendants' companies, an email from Victoria Kubos ("Kubos"), which stated the following:

> I received a call…from an attorney with Fish & Richardon…. The attorney said that Ocwen provided my name and number and permission to talk with him about a case his firm is filing (or has filed) to sue Ocwen for money owed to consumers.
>
> I advised the gentleman that if Ocwen was releasing my name to speak with any non-Ocwen attorney I would have received internal notification of that and would have Ocwen counsel present. He then said that he was notified that I wasn't presently employed by Ocwen, *but since I was he couldn't continue the call*.

(Dkt. #254, Exhibit B; Dkt. #338, Exhibit B) (emphasis added). The Court finds that nothing in the email suggests that Relators' counsel was attempting to discuss the case with a current employee, as once Kubos represented that she currently worked for Ocwen, Relators' counsel

7

ended the communication. Additionally, the Court is unable to find that anything within the communication was inappropriate or misleading. Although the email states that, "The attorney said that Ocwen provided my name and number and permission to talk with him about [the] case…[,]" the email does not include the communication with the lawyer, himself, and thus, the Court is unable to determine the actual statement that was made to Kubos (*See* Dkt. #254, Exhibit B; Dkt. #338, Exhibit B). In the communications that the Court has reviewed that are given by Relators' counsel, the Court finds that they are not inappropriate; the communications are merely attempts to explain Relators' and their counsel's role in the qui tam action, and how they obtained the former employees' names.

Additionally, Defendants state that Fisher misled Chmielewski when he contacted her in late 2014 (Dkt. #254 at p. 4; Dkt. #338 at p. 4). However, upon reviewing Chmielewski's deposition, Chmielewski testified to the following:

> A. […] I can't really remember the call but I remember those kind of…
> Q. **When Mr. Fisher reached out to you, what [ ] did he tell you?**
> A. Verbatim, I couldn't recite, but he indicated in the phone – phone message that – or in the phone call that he was working with the DOJ. And that they wanted to speak to me.
> Q. **And what did you do in response to that telephone call?**
> A. I met with him.
> Q. **Did you feel like you had to meet with him?**
> A. Yes.
> Q. **Why did you feel that way?**
> A. It was just the – his conversation, his statement about the Department of Justice, he just gave me that feeling that I really didn't have a choice.

(Dkt. #254, Exhibit E at 231:17-232:11; Dkt. #338, Exhibit E at 231:17-232:11). The Court finds that Chmielewski did not recall the majority of her conversation with Fisher, and the portions she did recall do not demonstrate that Fisher was trying to mislead her. In fact, after meeting with Fisher, Chmielewski was contacted by Relators' counsel, Sam Boyd ("Boyd") (*See* Dkt. #254, Exhibit E at 237:19-239:25; Dkt. #338, Exhibit E at 237:19-239:25). Although Boyd

contacted Chmielewski, she never contacted him back (Dkt. #254, Exhibit E at 240:8-11; Dkt. #338, Exhibit E at 240:8-11). Therefore, the Court finds that Chmielewski was not misled by Fisher or Relators' counsel as her actions demonstrate that she understood that she did not have to respond to their communications.

Therefore, the Court finds that the modified protective order will protect the interests of any nonparties contacted by Relators as part of the present action. Additionally, the Court finds that the additional modifications proposed by Defendants would be unduly burdensome and would create confusion for Relators' counsel when contacting potential sources of information. Because the modified protective order will protect the rights of the nonparties and Relators and their counsel have not been misleading nonparties in their communications, the Court finds that the new evidence present by Defendants does not require the Court to reconsider its previous determination as to the modification of the protective order.

*Defendants' Contention that the Court Overlooks Defendants' Opposition to Relators' Request*

Defendants also assert that "the Court appears to have overlooked arguments in Defendants' brief opposing Relators' motions." (Dkt. #254 at p. 11; Dkt. #338 at p. 11). In its Memorandum Opinion and Order, the Court stated,

> In their response, Defendants include their own proposed modification of the Protective Order in the efforts of "compromise." (*See* Dkt. #282 at p. 8; Dkt. #283, Exhibit G, Exhibit H). However, the Court will not consider Defendants' request for relief as it was not filed in accordance with Local Rule CV-7, which states, "[e]ach pleading, motion, or response to a motion must be filed as a separate document, except for motions for alternative relief…." Additionally, Defendants do not argue that Relators' proposed modifications relating to contacting the nonparties are inappropriate. Therefore, the Court finds that Defendants do not oppose Relators' proposed modifications as they relate to contacting the nonparties. As Defendants do not oppose the proposed modifications for the nonparties, and the Court finds there is good cause for the proposed modifications, the Court will grant Relators' modifications in regards to those modifications alone.

(Dkt. #240 at p. 4 n. 3; Dkt. #322 at p. 4 n. 3). Specifically, Defendants assert that the Court did not consider their opposition that Relators' October 21, 2015 proposed modifications were

> "facially inadequate" because they "would have allowed Relators to (i) review all evidence in these cases; (ii) contact Defendants' borrowers as long as they explained the borrowers were not obligated to talk to Relators; (iii) discuss these cases with litigation investors, as long as they were not one of the ten largest mortgage servicers involved in HAMP modifications; and (iv) discuss these cases with industry analysts…."

(Dkt. #254 at pp. 11-12; Dkt. #338 at pp. 11-12) (citing Dkt. #216 at p. 4; Dkt. #282 at p. 4).[1] In its order, the Court found that Defendants did not address the proposed modifications for contacting nonparties that Relators addressed based on arguments made during a telephonic hearing with the Court (*See* Dkt. 205 at pp. 9-11; Dkt. #267 at pp. 9-11). Moreover, Defendants argue that their "advocacy in favor of stronger limitations on Relators' communications with nonparties should be fairly read as a direct repudiation of Relators' proposed modifications." (Dkt. #254 at p. 12; Dkt. #338 at p. 12).

In making its determination, the Court did consider that Defendants requested stronger limitations on Relators' communications with nonparties. However, Defendants did not file a motion requesting stronger limitations than those proposed by Relators, and thus, the Court could not consider their request. *See* Local Rule CV-7. Other than its improper request for stronger limitations on Relators' nonparty contact, Defendants did not address whether Relators' proposed modifications were sufficient in the present case. The Court finds that it did not overlook an argument in making its determination, and thus, reconsideration is not warranted in the present case.

---

[1] In their motion for reconsideration, Defendants cite to "Opposition at pp. 10-11." However, upon the Court's review of Defendants' response, it could only locate the quoted language within the "Factual Background" section on page four.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to (I) Reconsider January 22, 2016 Order Granting in Part Relators' Motion for Modification of Protective Order [*Ocwen* Dkt. No. 322; *Homeward* Dkt. No. 240] and (II) Modify Protective Order (Dkt. #254 *in 4:12-cv-461*; Dkt. #338 *in 4:12-cv-543*) is hereby **DENIED**.

**SIGNED this 26th day of May, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE